TAENDSTICKSFABRIKS AKTIEBOLAGET VULCAN, Appellant, v. ELIJAH MYERS and J. HARBY MOSES, Respondents.

*Evidence — denial of knowledge as to incorporation — trade-mark — proof required in an action to prevent its use.*

Upon the trial of an action, in which the complaint alleges that the plaintiff was a corporation organized and doing business under and by virtue of the laws of the Kingdom of Norway and Sweden, and the answer of the defendants is, "upon information and belief, they deny the plaintiff ever was or now is a corporation," it is not necessary for the plaintiff to prove its existence as a corporation.

By section 1776 of the Code of Civil Procedure, such proof is not required, unless the answer is verified "and contains an affirmative allegation that the plaintiff or the defendant, as the case may be, is not a corporation;" and by section 1779 it is provided that "an action may be maintained by a foreign corporation in like manner, and subject to the same regulations as where the action is brought by a domestic corporation, except as otherwise specially prescribed by law."

In order to maintain an action to prevent the use of a trade-mark by another, the law does not require proof that the trade-mark used by the defendant is a perfect or complete simulation or resemblance of that of the plaintiff.

Where the evidence is such as to present the question whether the resemblance of one trade-mark to another is such as will probably deceive purchasers, it is not necessary for the plaintiff to present further proof showing that purchasers have, in fact, been deceived by the defendants' simulations of his trade-mark.

APPEAL by the plaintiff, upon questions of law and upon the facts, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 24th day of February, 1890, after a trial at the New York Special Term, and, also, from an order dismissing the complaint in the above-entitled action, entered in said clerk's office on the same day.

The complaint, among other things, alleged " that, at the dates hereinafter mentioned, the plaintiff was, and still is, a corporation organized and doing business under and by virtue of the laws of the kingdom of Norway and Sweden." The answer, among other things, alleged as follows: " and, upon information and belief, they deny the plaintiff ever was or now is a corporation."

The action was brought by the plaintiff to obtain an injunction restraining the defendant from using a box containing matches,

because, as alleged, it infringed upon a label or trade-mark used by the plaintiff.

*H. Aplington,* for the appellant.

*Michael H. Cardozo,* for the respondents.

DANIELS, J. :

The parties to this action are manufacturers and dealers in matches. They have been put up and sold in boxes accompanied with labels, designated to be trade-marks. The label of the plaintiff is alleged to have been unlawfully imitated by that of the defendants, which is stated to have been devised and used to divert and obtain its trade, and to injure it in its business by the use of this label. At the trial of the action proof was given from which it is contended that the court would have been warranted in finding that these allegations had been sustained, but it was not definitely acted upon by the court, for the complaint was dismissed at the close of the plaintiff's evidence, on the motion of the defendants. This motion was made on the ground that the allegation that the plaintiff was a corporation, which the answer denied, had not been proved ; that no cause of action had been proved ; "that there is no such similarity between the plaintiff's trade-mark or label and the defendants' as would warrant a court of equity granting an injunction in the absence of proof that people have been deceived," The justice presiding then responded : "My impression is that in the absence of such proof you have not made out a case, and I, therefore, dismiss the complaint.

It was alleged in the complaint that the plaintiff was a corporation organized and doing business under and by virtue of the laws of the kingdom of Norway and Sweden. The denial of the defendant was "upon information and belief they deny the plaintiff ever was or now is a corporation." This denial would be wholly insufficient to require proof of the existence of the plaintiff as a corporation if it had been alleged to have been created under the laws of this State. For by section 1776 of the Code of Civil Procedure, it has been enacted that such proof need not be given unless the answer is verified, "and contains an affirmative allegation that the plaintiff, or the defendant, as the case may be, is not a corporation." This was not

an affirmative allegation within this section, and would not have entitled the defendants to insist upon this proof, if the plaintiff had been alleged to have become incorporated under the laws of this State. But the absence of that allegation was not important as long as it was alleged that the plaintiff was created a corporation under the laws of the kingdom of Sweden and Norway. For by section 1779 of this Code, it has been further declared that " an action may be maintained by a foreign corporation, in like manner, and subject to the same regulations as where the action is brought by a domestic corporation, except as otherwise specially prescribed by law." To dispense with proof of the corporate existence of the plaintiff, in the absence of this affirmative allegation of an answer, was a regulation of the action in the case of a domestic corporation. It defined and prescribed the course of proceeding in the action. And as there was no specific provision requiring a foreign corporation to make proof of its corporate existence under this denial, it follows that proof of the plaintiff's incorporation could not be exacted without some regulation requiring it; that would be an invidious, as well as unwarranted distinction, needlessly embarrassing to the course and transactions of trade and business, so largely at the present time carried on in the commercial world by means of corporations formed under the laws of other States of this Union and of foreign countries. As there is no such regulation as required this proof, there was no ground presented for the dismissal of this complaint because of the absence of this evidence.

To maintain this or any other action for the use of the trade-mark of another, the law does not exact a perfect or complete simulation or resemblance. But what has been made necessary is, that there shall be such an imitation of the plaintiff's trade-mark by the defendants as is calculated to, and probably will, deceive purchasers into the belief that, in buying the defendants' articles, they are really obtaining those manufactured or dealt in by the plaintiff, and in that manner induce them to purchase the defendants' productions for those of the plaintiff. The law, to that extent, intends to afford the plaintiff protection against the artful and ingenious wrongs of rival dealers. This was so clearly stated in *Colman* v. *Crump* (70 N. Y., 573) as to justify a repetition of what was there said by Judge ALLEN, for it is specially applicable to and states the principle governing this

case. It was then said that "a party may have a property in, that is, an exclusive right to use a 'name, symbol, figure, letter, form or device' to distinguish goods manufactured and sold by him from those manufactured and sold by others, or to indicate when or by whom, or at what manufactory the article to which it is affixed is manufactured. This property right the courts will protect by injunction, and for its invasion the law gives compensation in damages. It is an infraction of that right to print or manufacture, or put on the market for sale and sell for use, upon articles of merchandise of the same kind as those upon which it is used by the proprietor, any device or symbol, which, by its resemblance to the established trade-mark, will be liable to deceive the public and lead to the purchase and use of that which is not the manufacture of the proprietor, believing it to be his. It is not necessary that the symbol, figure or device used or printed, and sold for use, should be a *fac simile*, a precise copy of the original trade-mark, or so close an imitation that the two cannot be distinguished except by an expert, or upon critical examination by one familiar with the genuine trade-mark. If the false is only colorably different from the true — if the resemblance is such as to deceive a purchaser of ordinary caution, or if it is calculated to deceive the careless and unwary, and thus to injure the sale of the goods of the proprietor of the trade-mark, the injured party is entitled to relief." (Id., 578.) And it may be added that the action will not necessarily be defeated by such points of difference as will be observable by placing the labels or trade-marks side by side, if the general appearance and prominent features prove to be so far identical as to induce dealers not having them both present, to accept the defendants' for the plaintiff's. And these principles have the approval and support of many other authorities. (*Munro* v. *Beadle*, 55 Hun, 312; *Kinney Tobacco Co.* v. *Maller*, 53 id., 340.) And it was not in the least impaired or undermined by what was decided in *Morgan's Sons* v. *Troxell* (89 N. Y., 292), where the attributes of resemblance were too slight to produce the deception of even the "unwary."

When the evidence is such as to present the question whether the resemblance of the one symbol, or trade-mark, to the other is such as will probably deceive purchasers, then it is not necessary that further proof should be added that purchasers have been, in fact,

deceived by the defendants' simulation. The facts required to maintain an action to enjoin the infringement of a trade-mark were fully examined and discussed in *Manufacturing Company* v. *Trainer* (101 U. S., 51); and among the points accepted by the court is the conclusion that it is not "necessary to show that any one has, in fact, been deceived if the imitation is such as to prove that it is calculated to deceive ordinary purchasers using ordinary caution." (Id., 65.)

But the defendants had precluded themselves from resting upon the objection that proof had not been given that persons had not been deceived into the belief that their label was that of the plaintiff, for its agent was asked, "After that match was placed upon the market by the defendants, what effect, if any, did it have upon your trade of 'The Vulcan Match?'" And "Did the placing upon the market of 'The Vulture Match' have any effect upon the sales of 'The Vulcan Match' through you?" These questions were not correct in point of form. But that deficiency in them could well have been removed if they had been objected to on that ground. But they were not. The objections were made in the most general form. They were each only "objected to by defendants' counsel." And this objection was sustained and the evidence excluded, and the plaintiff excepted. These exceptions were well taken, for the plaintiff was at liberty to prove, if that could be done, that its sales had been reduced by placing the defendants' matches in this manner upon the market. And these general objections did not warrant the exclusion of the evidence expected to be obtained by these questions. (*Bergmann* v. *Jones*, 94 N. Y., 51.) But as it had been so excluded the defendants could not make the absence of this proof a ground for dismissing the complaint.

A very decided effort has been made to sustain this dismissal on the ground that the differences between the labels were such as to prevent the plaintiff from maintaining the action. But that position is not tenable, for it did not enter into the disposition of the case at the trial. The learned presiding justice, on the contrary, dismissed the action because of the absence of proof that the plaintiff was a corporation, and that people had been deceived by the defendants' label. As has already been seen, this proof was not required to be made, and the defendants by their own conduct had prevented themselves from insisting that the latter fact should

be sustained by evidence, even if that could be otherwise held to be necessary.

There are important features of difference as well as resemblances in these labels, as will be seen by their inspection. But whether the plaintiff's label has been unlawfully infringed by the defendants is not a question now to be determined. The matches were shown to be exhibited for the purposes of sale, by the single box, although sold in packages. These boxes were each accompanied with the plaintiff's label. And there is reason to believe that the defendants' matches were sold in the same general manner with their labels. The following are two of these labels, each attached to the same wooden back-ground.

[Plaintiff's label here appears in original opinion.]          [Defendants' label here appears in original opinion.]

And followed by a fold presenting these appearances : Friction, space and words.

[Plaintiff's exhibit here apears in original opinion.]          [Defendants' exhibit here appears in original opinion.]

But as the complaint was dismissed for the causes which have been stated, and without considering whether there was any unlawful simulation of the plaintiff's label by the defendants, that question is not now presented for decision by the appeal. It is enough that the case was dismissed, because of the absence of proof on the facts which have been mentioned, and that these defects were unimportant. Whether the case did or did not, as the evidence was given, so present this fact of resemblance between the labels as to entitle the plaintiff to maintain the action, was not denied or considered at the trial, and, therefore, it has not been brought by the appeal before this court to be reviewed. (*Place* v. *Hayward*, 117 N. Y., 487.)

But as the case was disposed of the judgment cannot be sustained. It should, therefore, be reversed and a new trial ordered, with costs to the plaintiff to abide the result.

BRADY, J., concurred.

Judgment reversed and new trial ordered, with costs to the plaintiff to abide the event.