HENRY SLINGERLAND, RESPONDENT, v. WILLIAM H. NORTON, APPELLANT.

*Evidence — proposals for a settlement — admission of a fact — offer to settle — proof of a settlement made with another person.*

Negotiations or proposals looking towards the settlement of a controversy without action, cannot be received in evidence as admissions of liability. This rule, however, does not extend to an admission of a disputed fact, even though made in the course of such negotiations.

An offer or consent or expression of willingness to settle cannot be considered as an admission of liability; nor is evidence of the fact of the settlement, without litigation, of the claim of another party arising out of the same transaction, competent against the party effecting the settlement.

APPEAL by the defendant, William H. Norton, from a judgment of the Ontario County Court, entered in the office of the clerk of the county of Ontario on the 13th day of January, 1890, in favor of the plaintiff for $236 damages and costs, and affirming the judgment of a justice of the peace rendered on June 5, 1888.

*C. J. Bissell*, for the appellant.

*W. W. Clark*, for the respondent.

DWIGHT, P. J. :

The action was for the alleged negligent burning of the plaintiff's timber by fire allowed to escape from the defendant's fallow. The defendant controverted the allegation of negligence in the setting and management of the fire on his own land, and sought to avoid liability on the ground that the negligence, if any, was not that of himself, his agents or servants, but of a third person who had taken

the contract to clear his land, fit for the harrow, at an agreed price per acre, and that the means and time of accomplishing that result were not in the defendant's control. The justice who tried the case, without a jury, gives the reasons for his judgment in his return, from which it appears that he decided the question of fact last above suggested against the defendant's contention, and found that the person who did the work and set the fire was not an independent contractor, but the servant of the defendant, and that the latter was responsible for his negligence. The evidence bearing upon this question was conflicting, and, unfortunately, it embraced two items of testimony in behalf of the plaintiff objected to by the defendant which were improperly admitted. The first was in violation of the familiar rule that negotiations or propositions looking to the settlement of a controversy without action cannot be given in evidence as admissions of liability. (1 Greenleaf on Evidence, § 192; Stephens Dig. of the Law of Evidence [Chase's ed.] 52, note, and the cases cited.)

The rule is well founded in reason. The law is willing to encourage the compromise and settlement of controversies without litigation, and holds communications looking to that end as privileged in their character, and not to be used to the prejudice of the party making them. It is true the privilege does not extend to an admission of a disputed fact, even though made in the course of such negotiations; but this does not detract from the force of the rule. The principle is that an offer or consent, or expression of willingness to settle, is not to be taken as an admission of liability, and is, therefore, not evidence of the fact. The testimony objected to was within the rule. There was in it no admission of any fact in controversy, but only the expression of a desire that the matter might be settled without paying money to the lawyers.

The same rule should, *a fortiori*, have excluded the testimony objected to, of the fact of a settlement, without litigation, of the claim of another neighbor for damage done by the same fire. What motives or considerations may have influenced the defendant to make that settlement does not appear. The fact that he did settle with a third person was not to be taken as an admission of his liability, for the same reason that his proposition to settle with the plaintiff was not to have that effect.

The reasons for his judgment given by the justice in his return are pertinent and forcible, and we should probably have no hesitation to affirm that judgment had the conclusion of fact upon which it was based been reached upon evidence all of which was relevant and admissible on the issue involved.

For the error indicated the judgment of the County Court and of the justice must be reversed.

MACOMBER and CORLETT, JJ., concurred.

Judgment of County Court and of the justice of the peace reversed, with costs.