62 | 471
--- | ---
68 | 30

</div>

---

THE McELWEE MANUFACTURING COMPANY, RESPONDENT, *v.* BENJAMIN A. TROWBRIDGE, APPELLANT.

*Bills and notes* — bona fide *holder* — *when a corporation, which is in effect the successor of a firm, receives notes from the latter, the maker of the notes, having a defense against the firm, may assert it against the corporation.*

A corporation brought an action upon notes alleged to have been transferred to it for value before maturity by a firm. It appeared, upon the trial of the action, that the corporation was the successor of the firm; that the firm had first transferred the notes to the corporation, which, before maturity, transferred them for value to a third person; that they were not paid at maturity, and were taken back from the third person by the corporation after protest.

*Held,* that the corporation was not a *bona fide* holder of the notes, and that the maker was entitled to assert against it any defense which he had against the firm.

APPEAL by the defendant Benjamin A. Trowbridge from a judgment, entered in the office of the clerk of the city and county of New York on the 22d day of June, 1891, upon a verdict for the plaintiff for $828.25, after a trial at the New York Circuit before the court and a jury.

*B. C. Chetwood,* for the appellant.

*J. E. Eustis,* for the respondent.

VAN BRUNT, P. J.:

This action was brought by the plaintiff, a foreign corporation, to recover upon two promissory notes, made by the defendant, whereby he promised to pay to the order of Don A. Gaylord & Co. the sums in said notes mentioned. The complaint alleged that before maturity Gaylord & Co. assigned the notes for value to the plaintiff.

The answer admitted the making of the notes, but denied their indorsement to the plaintiff, and alleged want of knowledge or information sufficient to form a belief as to the incorporation of the plaintiff, and set up, by way of a separate and distinct defense, an offset against the amount of said notes, because of a breach of contract by Gaylord & Co., out of which these notes arose.

It appears from the evidence that the plaintiff in this action succeeded to the business of Gaylord & Co., and that Mr. McElwee, of said firm, was the treasurer of the plaintiff, and Mr. Gaylord, also of said firm, was the secretary. It further appeared that one R. D. Cotter had paid for these notes to the plaintiff, and upon their being protested at maturity they were taken up by the plaintiff, payment being made to Cotter therefor. It would thus appear that the plaintiff was not the holder for value before maturity of this paper, but the mere successors to the rights of Gaylord & Co., whatever they were.

Upon the trial the defendant offered to prove the defense set up in the answer. This defense was ruled out and an exception taken, and a verdict directed for the plaintiff. We think this was error. Whether the defendant could or could not establish the defense which he set up as an offset to the note it is not now necessary to consider. But it is clear that the plaintiff was not the holder of this paper for value before maturity without notice. It was the mere successor of Gaylord & Co. All of the officers, as far as the record shows, with the exception of the president, were members of the firm of Gaylord & Co., and there is no proof that the plaintiff paid any special consideration upon the transfer of the notes to it.

The jury, under these circumstances, would have had the right to find that plaintiff merely represented Gaylord & Co., and if there was any defense or offset to the notes, had they been sued upon by Gaylord & Co., the defendant had a right to establish it.

. The claim that there was no evidence to show that the plaintiff had any knowledge of any agreement between the defendant and Gaylord & Co. is not well founded. As already stated, the evidence showed that the plaintiff had full knowledge because it was the mere successor of Gaylord & Co., and the members of that firm were the officers of the plaintiff.

The objection that the incorporation of the plaintiff was not

established would have been well taken had not improper evidence proving the incorporation been admitted without objection.

The judgment should be reversed and a new trial ordered, costs to appellant to abide the event.

BARRETT and ANDREWS, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide event.