The McElwee Manufacturing Company, Respondent, *v.*
Benjamin A. Trowbridge, Appellant.

*Pleading — counterclaim — proof of the existence of a foreign corporation — admission of a disputed fact, made in the course of negotiations for a settlement.*

An allegation of damages in an answer cannot be deemed a counterclaim, when no affirmative relief is demanded thereon and it is pleaded as a defense and treated as an offset.

Section 1776 of the Code of Civil Procedure applies to foreign as well as to domestic corporations, and, hence, in an action by or against a foreign corporation the existence of the corporation need not be proved, unless there is an affirmative allegation in the answer that the plaintiff, or the defendant, as the case may be, is not a corporation.

An allegation in an answer, that the defendant "has no knowledge or information sufficient to form a belief" as to the organization of the plaintiff as a foreign corporation, does not render proof of incorporation requisite.

The rule that negotiations or proposals looking towards the settlement of a controversy without action cannot be received in evidence as admissions of liability, does not extend to the admission of a disputed fact, even though made in the course of such negotiations.

Appeal by the defendant, Benjamin A. Trowbridge, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 21st day of June, 1892, upon a verdict in favor of the plaintiff rendered at the New York Circuit, and also stated in the notice to be from an order denying a motion for a new trial, although no such order appeared in the case on appeal.*

------

* See *Richardson* v. *Hartmann, ante*, page 9.

The action was brought to recover upon two promissory notes, alleged in the complaint to have been made by the defendant, payable to the order of Don A. Gaylord & Co., and duly transferred to the plaintiff before maturity.

The first paragraph of the complaint was as follows:

" *First.* That the plaintiff is a foreign corporation duly organized under and by virtue of the laws of the State of Kentucky, with its principal place of business in the city of New York."

In the answer, the defendant states: " 1. He has no knowledge or information sufficient to form a belief as to the matters alleged in the first paragraph of said complaint."

The portion of the answer referred to in the opinion as claimed by the defendant to set up a counterclaim, is as follows:

" II. And for second, separate and distinct defense herein defendant shows:

" That whatever note or notes were given to or obtained by said Don A. Gaylord & Company, were given and obtained under and by virtue of certain promises and undertakings by said Don A. Gaylord & Company to defendant, made to obtain possession of said notes, which promises and undertakings were not fulfilled.

" That defendant had a contract with said Don A. Gaylord & Company to furnish certain material for premises in the city of New York, on which he was then building.

" 2. That under such contract defendant paid said Don A. Gaylord & Company large sums of money, both in cash and by notes, which latter have all been paid except the last two.

" That when the last two notes were given, Don A. Gaylord & Company were behind with materials under their contract, and had been notified in writing that defendant would purchase elsewhere and hold them for the difference. That Don A. Gaylord & Company then and there promised if the said notes were given they would deliver the short material that very day, and that no further delay should occur.

" That upon these representations said notes were given, and Don A. Gaylord & Company did not fulfill their agreement, and did not deliver the material as agreed, but sold the same to other parties for cash.

" That by reason of the breach of contract by Don A. Gaylord &

Company the defendant sustained damage by reason of the delay and loss of income from said property exceeding in amount the sum of $1,000.

" That the complaint in this case is verified by Don A. Gaylord, who is secretary of plaintiff, and plaintiff, therefore, took the notes in question charged with knowledge of the defense hereinbefore set up, and defendant denies on information and belief that said Don A. Gaylord & Company delivered said notes to plaintiff for value.

" Wherefore defendant demands judgment herein dismissing the complaint, with costs."

The answer, as well as the complaint, were verified.

*B. C. Chetwood,* for the appellant.

*George S. Coleman,* for the respondent.

O'BRIEN, J. :

This action is brought to recover the amount of two promissory notes, the consideration of which was the furnishing of materials to be used in the construction of certain houses, and the defense to which was that this contract was never fulfilled, and that the material furnished was fully paid for.   As there is no order denying a motion for a new trial, and no statement that the case contains all the evidence introduced at the trial, the only questions presented for our consideration are those of law arising upon exceptions, which, in the order in which they are presented, we will briefly consider.

The answer having set up what defendant insists was a counterclaim, and no reply being made thereto, the defendant moved for judgment on the pleadings, which he now claims it was error not to have granted.   We have examined the answer, and agree with the trial judge that it does not contain a counterclaim, no affirmative relief being demanded thereon, and being pleaded as a defense and treated as an offset.

At the close of plaintiff's case, defendant's counsel moved to dismiss the complaint, on the ground that the plaintiff was a foreign corporation, and that there is no proof whatever of its incorporation. The trial judge at first inclined to the view that this motion must be granted on account of the statement in the opinion upon the former appeal (62 Hun, 471), that the plaintiff having assumed the

burden of proving the incorporation, " the objection that the incorporation of the plaintiff was not established would have been well taken had not improper evidence proving the incorporation been admitted without objection," no claim being made that there was any such issue. By section 1776 of the Code of Civil Procedure, it is provided that " plaintiff need not prove upon the trial the existence of the corporation, unless the answer is verified and contains an affirmative allegation that the plaintiff * * * is not a corporation."

The case of *Vulcan* v. *Myers* (58 Hun, 161), in construing this section in connection with section 1779 of the Code, held that the former section was equally applicable to foreign as well as to domestic corporations.

Unless, therefore, there is an affirmative allegation that the plaintiff, or the defendant, as the case may be, is not a corporation, the existence of the corporation need not be provod. Here the answer alleged that defendant " has no knowledge or information sufficient to form a belief " as to the organization of the plaintiff as a foreign corporation. In the case referred to ( *Vulcan* v. *Myers*) the answer contained the following denial : " Upon information and belief, they deny the plaintiff ever was or now is a corporation." This latter was held insufficient to put plaintiff to its proof, and we think the form of denial in the present answer is much weaker ; and under the authority of that case, which construes the sections of the Code and shows just when proof of organization must be made, it cannot be held that proof of incorporation is required.

The next exception refers to error assigned by appellant in admitting, over objection, evidence as to a settlement. An examination of the record, however, will show that, while the court asks a question as to whether any proposition was received from the defendant, which was objected to, the answer, which was " yes, sir," cannot be held to have prejudiced the defendant. The subsequent testimony of what actually occurred was not objected to ; and while, in a proper case, we are disposed to enforce the rule, as held in *Slingerland* v. *Norton* (58 Hun, 558), that negotiations or proposals looking towards the settlement of a controversy without action, cannot be received in evidence as admissions of liability, still this rule does not extend to the admission of a disputed fact, even though made in

the course of such negotiations. The evidence adduced was not for the purpose of showing a compromise, or an offer to compromise, but it called out a statement of fact as to defendant's liability as shown by such statement. Taking, however, appellant's view, that it was evidence as to a settlement, such evidence was received without objection, and thereafter no motion was made to strike it out.

In addition, certain criticisms are made upon the charge of the trial judge, but as no exceptions were taken thereto no question is presented for our consideration. Thus it is claimed that the judge, in his charge, dwelt on the giving of the notes by the deceased agent, with knowledge of Gaylord's shortcomings, and that this prejudiced the defendant, by making the case turn on evidence given by Gaylord in his own behalf, of personal and private transactions between him and the deceased, which could not be contradicted and should have been excluded. While in the absence of an exception, no question is raised upon the judge's charge, the evidence given by Gaylord as to his interviews with the agent of the defendant, who has since died, was objected to ; but the point thus presented we do not regard as serious.

As appears from the record, Gaylord testified that he saw the defendant and asked him for the final payment, and that the defendant told him to see Mr. Yenni and get it fixed up and arrange a settlement ; that he thereupon called upon Mr. Yenni, and it was to the question " What matters did you discuss at that interview ? " that the objection was made and the exception taken. No ground of objection was given, but if we take the one now presented, that it was incompetent and improper to have allowed Gaylord to testify to conversations had with the agent of the defendant, the latter being since deceased, it is evident that there is no merit in the objection. It had been made to appear that Yenni was the defendant's agent and, as we have seen from what just preceded the giving of this testimony, Gaylord stated that the defendant told him to see Yenni and make the arrangements with him. Under such circumstances it was competent to show just what occurred between Gaylord, who was acting for plaintiff, and Yenni, who was concededly the agent of the defendant, and to whom Gaylord had been referred by the defendant himself.

Upon an examination of the record, we do not think that any of

the exceptions are valid, and the judgment, therefore, should be affirmed, with costs.

Van Brunt, P. J., and Follett, J., concurred.

Judgment affirmed, with costs.