(11 Misc. Rep. 428.)

LAMSON CONSOLIDATED STORE-SERVICE CO. v. CONYNGHAM.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

1. CORPORATIONS—ACTIONS—DENIAL OF CORPORATE EXISTENCE.

A denial, on information and belief, that plaintiff is a corporation, is not an "affirmative allegation," within Code Civ. Proc. § 1776, providing that corporate existence of a plaintiff, as alleged in the complaint, need not be proved on the trial, unless the answer contains an "affirmative allegation" that plaintiff was not a corporation.

2. SALE—WARRANTY OR COLLATERAL CONTRACT.

Plaintiff sold defendant a machine under a contract which specified the price and the terms of the payment. At the time of delivery of the machine plaintiff gave defendant a written agreement to keep it in repair for two years free of charge. *Held*, that such agreement was not a warranty or a condition precedent, but was an independent undertaking by plaintiff, a breach of which did not entitle defendant to rescind the contract of sale, but gave him an action for damages for breach.

Appeal from Sixth district court.

Action by the Lamson Consolidated Store-Service Company against Michael Conyngham to recover on certain promissory notes given for the purchase price of a cash register. The answer alleged a breach of guaranty on plaintiff's part to keep the machine in repair. From a judgment in favor of defendant for costs, rendered by a justice without a jury, plaintiff appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Wilmer & Canfield, for appellant.

Gumbleton & Hottenroth, for respondent.

BOOKSTAVER, J. In an action by a foreign corporation, the plaintiff need not prove upon the trial the existence of the corporation as alleged in the complaint, unless the answer contains an affirmative allegation that the plaintiff is not a corporation. Code Civ. Proc. § 1776. A denial, upon information and belief, that plaintiff is a corporation, is not such an "affirmative allegation." Vulcan v. Myers, 58 Hun, 162, 11 N. Y. Supp. 663; Association v. Read, 93 N. Y. 474; Bengston v. Steamship Co., 31 Hun, 96. By section 1779 of the Code, section 1776 is made to apply to foreign corporations. Vulcan v. Myers, supra. It is not, therefore, incumbent upon plaintiff to prove its corporate existence.

The machine was delivered to and accepted by defendant. According to the terms of the contract of sale, defendant paid down $25, and gave ten notes of $15 each, and one for $20, payable on succeeding months, for the remainder of the purchase price. Two of these $15 notes were paid, and the remainder were not. This action is brought to recover on the remaining eight, amounting to $120 in all. At the time of the delivery of the machine, the agent gave defendant a written agreement to keep the cash register in repair, from ordinary wear and tear, for two years, free of charge. Defendant contends that this agreement was a condition precedent to his performance of the contract, and that, by reason of plaintiff's failure to keep the machine in repair, he was justified in tendering back the

machine, and demanding the return of the payments already made. We cannot concur in this view. The contract was a complete instrument in itself, and plaintiff performed his part by delivering the cash register called for, which defendant accepted. The agreement to keep in repair was not a warranty of the original article, nor was it a condition precedent. Benj. Sales, §§ 561, 562; Tipton v. Feitner, 20 N. Y. 423; De Kay v. Bliss, 120 N. Y. 91, 24 N. E. 300. It was an independent undertaking on the part of the plaintiff, a breach of which did not entitle defendant to rescind the first contract, but gave him an action for damages for the breach. Even if it could be held to be a condition of the first contract, the effect would be the same. It was not a condition precedent, and the breach of a condition subsequent only gives a right of action for damages. It was not necessary to prove the presentation of the notes, as the action is against the maker, and not an indorser. Hills v. Place, 48 N. Y. 520. It is therefore clear that the judgment should have been for plaintiff, less any damages sustained by defendant by reason of any breach by plaintiff of the agreement to keep in repair. No damages for such a breach were proved upon the trial. The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.