[No. 726.   October 2, 1897.]

## GEORGE W. WITT et al., Appellees, v. C. CUENOD et al., Appellants.

DECREE—MASTER'S REPORT—OVERRULING CONCLUSIONS OF LAW—PRESUMPTION—FINDING OF FACT—SUFFICIENCY.—Where the decree expressly overrules the master's conclusions of law, it must be taken, by fair implication, as an approval of his findings of fact, and, in the absence of anything in the findings of fact against the correctness of the decree, it must be sustained.

*Appeal*, from a decree for complainants, from the Fifth Judicial District Court, Eddy County. Affirmed with directions.

The facts are stated in the opinion of the court.

A. A. FREEMAN and J. O. CAMERON for appellants.

When the parties of their own accord withdraw a cause from the court, and refer it to a tribunal of their own selection, the finding of such tribunal is conclusive as to the facts found, subject alone to impeachment for fraud or to be set aside on account of entire absence of proof. Wiscort v. Dauchy, 3 Dal. 321; Davis v. Schwartz, 155 U. S. 636; 9 Wall. 125.

JOHN FRANKLIN and U. S. BATEMAN for appellees.

COLLIER, J.—Appellees, under the firm name of Witt Brothers, brought in the district court of Eddy county their bill for foreclosure of a chattel mortgage against appellants as partners doing business under the firm name of L. Ramnez & Co. In addition to an answer, to which replication was filed, appellants filed their cross bill praying for a rescission of

the contract upon which the note and mortgage were founded, and for said note and mortgage to be delivered up for cancellation. The cause was referred to an examiner to take the proofs, and report the same to the court. After the testimony taken was filed, an order was made referring the proofs to a special master to report his findings of fact and conclusions of law thereon. The master reported, recommending that the contract be rescinded, and the note and mortgage delivered up for cancellation. Exceptions were filed by appellees, and the chancellor sustained same, finding that the master's conclusions of law were erroneous. Decree was thereupon rendered in favor of appellees for the full amount of the note and interest, for solicitor's fees, and for expense in and about the caring for the property covered by the decree of foreclosure. From this decree an appeal is taken. The transcript of the record contains the pleadings, orders, report of master, and decree, but not the proofs taken in the case; the appellants contending that, if more is needed to a proper review of the case, it was the option of the appellants to bring it here. Appellees requested that certiorari issue from this court at the cost of appellants, but, solicitor for appellants resisting, this was denied, and the cause was argued without the testimony upon which the report of the master purported to be based. After the submission of the cause to the court, appellants' solicitor produced in court the original of the report made by the examiner, but it was declined, and ordered to be returned to the custody of the clerk of the district court held in and for the county of Eddy.

It was a matter of some discussion upon the argument as to whose duty it was to produce here the proofs which had been taken by the special examiner; the solicitor for appellants contending that, though the report of the special master was assailed by exceptions regularly filed, and for a proper determination of those exceptions it was necessary for the chancellor to peruse said testimony, yet the case could be properly reviewed here in the absence of such proofs.

MASTER'S report: decree overruling conclusions of law: presumption: finding of fact: sufficiency.

This we think an untenable position, and to illustrate how it might be that two opposite conclusions, both correct, could be reached in the same case, if the contention were followed, we will suppose an exception to a finding of fact by the master, and the chancellor, discovering there was no evidence to support such finding, decrees to the contrary of the master's recommendation.    Afterwards the case comes here on review without the evidence, and, if there obtains a presumption, as appellants contend, in favor of the correctness of the master's finding of fact, a reversal of the chancellor would necessarily follow.    Admitting for the moment that there is such presumption, yet such a result we do not think should be deduced from the privilege afforded to appellants and plaintiffs in error by the act of 1889 entitled "An act with reference to practice in the supreme court and for other purposes."   Laws 1889, chap. 1. The option granted of taking up only such part of the record as appellant or plaintiff in error deems "necessary for a review of the judgment or decree," instead of the whole record, was intended to lighten the burden of expenses, but not in any way to put the opposite party to any disadvantage, or change his position in any respect.   Under the act of 1889, just as formerly, the appellant or plaintiff in error should have his case in this court, with nothing to be desired for a full and proper determination of the question of error or want of error in the lower court.   Error is alleged in the lower court, and it must be affirmatively shown to procure a reversal.   This can not be done where the contention respects a matter of fact which can not be discerned from the record in this court. If the record were here presuming the absence of nothing necessary for a determination by the lower court, it would be taken as all the record necessary to a proper review, unless the appellee or defendant in error asked for the production of something more.   Also we will say that we do not think any such presumption attaches to the findings of a master, as solicitor for appellants asserts. This assertion is that, after a master's findings have been successfully assailed according to the

forms of law, and decree entered setting them aside, they are presumed to be correct. This position, if true, overcomes the presumption of correctness of the conclusion of a tribunal, of which the master is merely a subordinate officer. It is laid down in Kimberly v. Arms, 129 U. S. 512, and the principle is affirmed in Davis v. Schwartz, 155 U. S. 631, that "Its [the tribunal of the master] findings, like those of an independent tribunal, are to be taken as presumptively correct, subject, indeed, to be reviewed under the reservation contained in the consent and order of court, when there has been manifest error in the consideration given to the evidence, or in the application of the law; but not otherwise." If the court to which report has been made sets aside the findings, the presumption should obtain that there was a proper decree within the limits of review. We state this to be the rule in a reference of the broadest character without meaning to say that there was such a reference in this case. While the terms of the reference in this case are broad, yet we do not think they should be so construed. An examiner took the proofs, and they, instead of being submitted to the court, were referred to a master, who had nothing more before him than the chancellor had, or than this court would have had if the appellants, as they should have done, had brought the proofs here. Under these circumstances the findings of fact should not be taken as more than advisory, a sort of responsible summary to be accepted as correct unless assailed, in which event the chancellor should read the dry transcript for himself.

In this case it appears that the decree expressly overrules the master's conclusions of law, and this should be taken by fair implication to be an approval of his findings of fact. If the decree had been general in form, there would be nothing. here for us to consider, as it is not contended that the pleadings do not authorize the decree. We will look, therefore, to the master's findings of fact, to see whether or not there should have been a decree for appellees. The theory of the decree appears to be that a "verbal promise made by the complainants prior to the time of the execution of said mortgage"

is not "a good defense to this suit." This verbal promise was, as we gather from the report, that the appellees agreed, and it was the main inducement to the trade, that in consideration of the purchase by appellants of the cows, horses, and implements used in running the dairy business carried on by appellees in the town of Eddy, the appellees would cease to carry on such business in said town. The fact is also found that they continued, notwithstanding such promise, to carry on such business in said town, and that appellants promptly returned the property purchased to appellees, notifying them of a rescission of the contract because of their "engaging in the dairy business in the town of Eddy." The chancellor held, in effect, that the contract was not rescindable because of this representation of appellees. The general principle laid down in Delaine Co. v. James, 94 U. S. 207, is that "cancelling an executed contract is an exertion of the most extraordinary power of a court of equity, and the power ought not to be exercised except in a clear case, and never for an alleged fraud, unless the fraud be made clearly to appear; never for alleged false representations, unless their falsity is certainly proved, and unless the complainant has been deceived and injured by them." There is no finding of fact directly upon the question of injury to the appellants, and it would appear, therefore, that one of the elements for a case of rescission has not been made out. We, however, do not put our conclusion on so narrow a ground. The representations in this case were not as to any matter in praesenti, but related only to the performance of a promise in the future; and there is no specific finding that the promise was deceitfully or fraudulently made with no intention at the time of performing it. The master does, in his citation of authority for his conclusions of law, speak of "a sale effected by deception," and "representations and promises which are fraudulent;" but this is the argumentative part of his report, and it hardly can be called a finding of fact sufficient to overcome the presumption of correctness of the decree, if in law even such result should follow. There is no authority that the research of counsel or ourselves has

produced going to the extent of holding that a promise of this kind, honestly made, but afterwards not performed, avoids a contract of sale. In Railway Co. v. Titterington (Tex. Sup.) 19 S. W. 472, it was held that where a railroad company promised, in consideration of the grant of right of way, that it would construct and maintain a station on the land granted, the deed could be canceled if the promise was made with intent to deceive, if there was no compliance, but not if there was noncompliance without such intent. That court says, however, in its opinion, that the authorities are variant on the former proposition. In other cases the Texas court announces the general principle to be that such a promise would not be ground for cancellation, but the party must resort to his action for damages. Moore v. Cross, 29 S. W. 1051, and Meyer v. Swift, 11 S. W. 378. To the same effect as this are the cases of Tufts v. Weinfeld (Wis.) 60 N. W. 992; Store-Service Co. v. Conyngham (Com. Pl.) 32 N. Y. Supp. 129; Day v. Improvement Co. (Ill. Sup.) 38 N. E. 567. The following cases seem to say the misrepresentation must be of a fact at the time or previously existing, and not a mere promise for the future, and this without respect to its being fraudulently or honestly made, to wit: Fenwick v. Grimes, 5 Cranch, C. C. 439, Fed. Cas. No. 4,733; Long v. Woodman, 58 Me. 49; Burt v. Bowles, 69 Ind. 1; while in Connecticut, Mississippi, Illinois, and perhaps other states, fraud at the time of making the representation is taken into account. It is unnecessary for us to determine which of the two lines support the better rule, as both agree that where there was no fraud at the time the sale is not rescindable; and there being no express findings that the misrepresentation was fraudulently made, "a trade intelligently made, where no fiduciary relation exists, will not be rescinded on the ground of fraudulent representations, except on clear and convincing proof." Breemersch v. Linn (Mich.), 59 N. W. 406. There being nothing in the findings of fact by implication approved by the chancellor to militate against the correctness of the decree of the lower court, it should be affirmed, and a decree will

accordingly be entered in this court directing the said district court to proceed in conformity herewith, with the costs of this appeal to be taxed in the court below against appellants; and after the sale of the property, if any deficiency arises, a decree therefor will be entered, together with said costs, against appellants and the sureties on their appeal bond; this case being hereby in all respects affirmed.

Smith, C. J., and Laughlin and Bantz, JJ., concur.