(26 Misc. Rep. 473.)

## COHN v. REYNOLDS.

(Supreme Court, Special Term, Kings County. December, 1898.)

TRADE-NAME—INJUNCTION.

    Where plaintiff, carrying on the business of a renovating tailor, uses the words "The Brooklyn Valet" to describe his business, it constitutes a new and distinctive use of the term, giving him a right to restrain another from the use of the word "valet" in competition with his business.

Action by Samuel Cohn against John Reynolds to restrain the use of a trade-mark. Decree for complainant.

Eugene V. Brewster, for plaintiff.

James G. Tighe, for defendant.

JOHNSON, J. The plaintiff is carrying on business under the name of "The Brooklyn Valet." The evidence as to the character of the business is not full, but is, I think, fairly established; and it seems to be practically conceded that he has wagons which go around collecting men's clothing, and bringing it to his place of business, where it is repaired, pressed, cleaned, and generally renovated. The plaintiff purchased that business in the early part of the year 1897, and his vendor seems to have been the first person who carried on such a business, using the name of "Valet" or "Brooklyn Valet." The defendant, starting in business in the same city later than the vendor of the plaintiff, has established a business similar to that of the plaintiff, which he carries on under the name of "My Valet"; making the words last quoted prominent

and distinctive on his signs. The plaintiff sues for an injunction to restrain the defendant from carrying on business in that name. There is but little evidence that the plaintiff has been injured in his business by the defendant. But it is well settled that it is not necessary to prove an injury, if the other facts in the case indicate that injury would naturally result. Vulcan v. Myers, 58 Hun, 161, 11 N. Y. Supp. 663; Id., 139 N. Y. 364, 34 N. E. 904; Manufacturing Co. v. Trainer, 101 U. S. 51. The evidence does not indicate any imitation of the business insignia of the plaintiff other than in the use of the word "valet." Practically, then, the question in this case is whether or not the word "valet" is a word which can be appropriated to this business, so as to serve the purpose of a trade-mark. Words which are merely descriptive of the article they are used to designate or represent cannot be so appropriated as to give any exclusive right to their use, and hence cannot become what are generally known as trade-marks. Newman v. Alvord (Akron Cement Case), 51 N. Y. 189; Lackawanna Coal Case, 13 Wall. 311. Clearly distinguished from such descriptive words as "Akron Cement" or "Lackawanna Coal" are such words as "Sapolio," "Celluloid,"—words which were invented for, and are applied to, a particular use, and which are clearly trade-mark words. But intermediate these two classes are words which are not new, but are used to indicate a substance of which they are not properly descriptive; their application to such purpose being new, arbitrary, or fanciful, and in some degree a matter of invention. Such a new and peculiar use of words which are not new, in a proper case, will be protected by the court. Among the words or terms which it has been held may be so used and protected are "Crystal" castor oil, "Damascus Blade" scythes, "Gaslight" illuminating oil, "German" soap, "Water White" petroleum, "Tip Top" agricultural implements. Browne, Trade-Marks, p. 717, index. Doubtless, these words convey some suggestion of the quality of the articles to which they were applied, and for that reason they were selected and used. But that did not make them words of description. An ordinary scythe is hardly described as a "Damascus blade," and ·yet the use of those words, as towards a scythe, while deceiving no one, would probably indicate that the scythe was of good steel and temper,— was a good and serviceable scythe.

The question presented is whether the word "valet" is descriptive of the business carried on by the plaintiff, or whether applying it to indicate that business was such a new, arbitrary, and fanciful use as will entitle it to the protection of the court. The business carried on by both the plaintiff and the defendant was practically the business of a renovating tailor,—a tailor whose business was confined to repairing or renovating worn clothing. If the words "Brooklyn Tailor" or "My Tailor" had been adopted, they would clearly have been descriptive, and their use could not be enjoined. But the word "valet" has, I think, a meaning radically different. The word seems to have come to us from the French. It means, not merely a servant, but a body servant,—

one who waits and attends on another; who is expected, not only to serve, but to serve promptly, with perhaps something of obsequious haste or attention. Hardly would a valet be expected to mend or press or clean clothes; but he might be expected, as a part of his personal and peculiar service, to see to it that such work was done, and to help his master in dressing, brushing, or cleaning his attire. The word, from its derivation and its use, seems to carry with it an idea of peculiar rank, gentility, or at least of luxurious appointments and living. To select and apply such a word to the business of a tailor—of a tailor who confines his work to the mending, cleaning, pressing, and general renovation of clothing—seems to me an invention, a new and distinctive use. The word "valet," as here used, may indicate much of service and attention as towards clothing. But that does not make it any more descriptive than are the words "Damascus blade" when applied to ordinary scythes, or "crystal" when applied to castor oil.

I conclude that the plaintiff, having properly succeeded to the rights of the person who first carried on such a business under that name, is entitled to restrain the defendant from the use of the word "valet" in competition with his business. The view here stated does not indicate that the plaintiff has the right to restrain all others from the use of the word "valet" for the purpose of indicating such a business. But I think it does entitle him to restrain a person from using it to designate a business carried on in the same locality as his business, and where that of his vendee was originated.