(32 Misc. Rep. 687.)

DEUTZ LITHOGRAPHING CO. v. INTERNATIONAL REGISTRY CO.

(Supreme Court, Appellate Term.. November 7, 1900.)

**1. CORPORATIONS—GOODS SOLD—EVIDENCE.**

Under Code Civ. Proc. § 1776, providing that, in an action against a corporation, its corporate existence need not be proved, unless a verified answer contains an allegation that defendant is not a corporation, a general denial in an action for goods sold did not put in issue defendant's corporate existence.

**2. SAME.**

In an action for goods sold and delivered, evidence that an alleged officer of defendant corporation was in defendant's offices, transacting its business, and conversing with parties desiring to deal with it, was admissible, in order to lay a foundation for evidence that such officer ordered, and received the goods in controversy on defendant's behalf.

Appeal from municipal court, borough of Manhattan.

Action by the Deutz Lithographing Company against the International Registry Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

C. E. Thornall, for appellant.

PER CURIAM. The action was for goods sold and delivered. The pleadings were oral, and the defense was a general denial. This answer did not put in issue the fact of the defendant's incorporation. Code Civ. Proc. § 1776; Store-Service Co. v. Conyngham, 11 Misc. Rep. 428, 32 N. Y. Supp. 129. Both the justice and the counsel for the defendant seem to have overlooked this rule, and a considerable portion of the record consists of ineffectual and wholly unnecessary efforts by the counsel for the plaintiff to prove a fact which stood admitted upon the record, and needed no proof. In order for the plaintiff to succeed, it was necessary for the plaintiff to prove the contract for the sale of the goods, and their manufacture and delivery. All the testimony offered to prove these facts was excluded upon defendant's objection. The fact appears to have been, so far as can be judged from the exhibits marked for identification, but not admitted in evidence, as well as from the questions asked, but excluded, that the plaintiff proposes to prove that one George V. Carroll, who styled himself "assistant secretary," ordered and received the goods for and in behalf of the defendant corporation. He undertook to lay a foundation for this proof by showing acts on the part of Mr. Carroll indicating that he was an officer of the defendant. Much of the excluded testimony should have been admitted. A corporation can only act through its officers or agents, and a contract made by an officer in the name of the corporation, and within the apparent scope of the officer's powers and duties, raises sufficient presumption that he was authorized to act for the corporation to put upon the defendant the task of negativing the presumption by evidence. Ordinarily, of course, agency cannot be proven solely by the agent's declarations; nor does the fact that he acted for the principal in a single transaction.

raise the presumption of his authority to act in other transactions. In an action of this character it is competent to show that the alleged officer of the corporation was in its offices, attending to its business, and conversing with persons who desired to transact business with the corporation. It is not to be inferred that such a person is a mere interloper. Leslie v. Insurance Co., 63 N. Y. 27. The justice even refused to permit evidence to be introduced showing that the plaintiff had manufactured and delivered the goods, and that they had not been paid for. The record justifies the assumption that the justice excluded the evidence because he thought that under the pleadings it was necessary to prove defendant's incorporation. In this he was clearly mistaken.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event.