(34 Misc. Rep. 168.)

### ROOS v. DECKER.

(Supreme Court, Appellate Term. February 25, 1901.)

1. APPEAL AND ERROR—OFFER OF SETTLEMENT—EVIDENCE—PREJUDICE.
    Where, in an action to recover compensation for procuring a sale of defendant's property, plaintiff, over defendant's objection, was permitted to introduce testimony that defendant had offered plaintiff one-fourth of the amount of his claim to settle it, and a verdict was rendered in plaintiff's favor against the overwhelming weight of evidence, the judgment should be reversed, since such offers of settlement are privileged, and cannot be given in evidence, and the testimony probably had some influence with the jury.

2. SAME—VERDICT—WEIGHT OF EVIDENCE.
    In an action for compensation for procuring a sale of defendant's property, plaintiff gave the only testimony tending to show that he was the procuring cause of the sale. He called the purchaser as a witness, by whom he was flatly contradicted on all points, and who testified that plaintiff did not speak to him about the property until after he had purchased it, after talks with defendant's father; and never said anything about the terms on which it could be bought, but tried to sell another house. Plaintiff was also contradicted by the purchaser's wife and other

witnesses, and by defendant's father, who testified that he requested plain-
tiff to try to sell the house to defendant, and, after plaintiff reported that
he could do nothing to bring about a sale, he went himself to the pur-
chaser, and made the sale. *Held*, that the verdict in favor of plaintiff
was clearly against the weight of evidence, and the judgment should be
reversed.

Appeal from municipal court, borough of the Bronx, Second dis-
trict.

Action by Gustave Roos against John W. Decker. From a judg-
ment for plaintiff, defendant appeals. Reversed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCH-
ARD, JJ.

Arthur J. Westermayer, for appellant.
P. Hatting, for respondent.

ANDREWS, P. J. This is an appeal from a judgment in favor of
the plaintiff entered in the municipal court, Second district, after a
trial before one of the justices of the court and a jury. The action
was brought to recover the sum of $100 as broker's commission,
claimed to have been earned by the plaintiff in effecting the sale of
the premises 1135 Tinton avenue, in this city, to Henry Raabe. It is
conceded that the defendant conveyed the premises to said Raabe on
April 27, 1900, and that, if the plaintiff is entitled to recover at all,
he is entitled to receive $100. The plaintiff testified on his own
behalf, and also called as witnesses his brother Louis Roos and said
Raabe, who, as above stated, was the purchaser of the premises.
Said Louis Roos was permitted to testify that the defendant, in his
presence, had offered to pay the plaintiff the sum of $25 to settle
plaintiff's claim. The defendant's counsel objected to the admission
of this testimony, and, his objection being overruled, duly excepted,
and, after the testimony was given, moved to strike out the same,
which motion was denied. I think that the admission of this testi-
mony was an error for which the judgment must be reversed. Offers
of settlement of this kind are privileged, and cannot be given in evi-
dence upon the trial; and this evidence probably had some influence
with the jury, which rendered a verdict which is against the over-
whelming weight of evidence. The plaintiff himself was the only
witness who gave testimony on his behalf tending to show that he
was the procuring cause of the sale. He also called as a witness
Raabe, the purchaser, by whom he was flatly contradicted on all
material points. Raabe testified, in substance, among other things,
as follows:

"The plaintiff spoke to me after I had bought the house. He did not speak
to me before I bought it. Perhaps he did to my wife. He offered me another
house. He never said anything to me about the terms and conditions under
which the house 1136 Tinton avenue could be bought. He did not speak
about the house I bought, but he spoke about another house. I never called
on him in regard to the key of 1136 Tinton avenue. I saw a young man,—
Mr. Stanhop,—before I bought this house, many times. He spoke to me about
1135 Tinton avenue, and that was the first I heard about the house. The
first time I heard that 1135 Tinton avenue could be bought was from this
young man. Mr. Roos afterwards left his card in my house about 1135 Tin-
ton avenue. Mr. Roos called at my house several times, but not to speak

about 1135 Tinton avenue. Mr. Peter P. Decker spoke to me about 1135 Tinton avenue, and offered me a price, and then Mr. Roos tried to sell me another house. I went to look at the house after Mr. Decker called upon me, and examined it, and sent my wife over to look at it. I spoke to Mr. Decker about the terms for the purchase of this house, and after that the contract was signed between me and the defendant. After I had signed the contract, the plaintiff came to the house, and asked me whether I would sign the contract for another house. I told him 'No,' and in the evening he came again, and then told me that he had heard I bought the house 1135 Tinton avenue."

The testimony of the plaintiff on material points was also contradicted by the defendant; the young man Stanhop, referred to in Raabe's testimony; Peter P. Decker, the father of the defendant; and Teresa Raabe, wife of the purchaser, Raabe. It was established by a great preponderance of evidence that the plaintiff's efforts were not the efficient cause of the sale; that in fact the defendant's agent called his attention to the purchaser, and that he made no effort to bring about the sale of the premises upon the terms originally proposed, namely, $7,500; that he did not show the house to the purchaser, nor introduce the seller to the buyer, nor do anything, in fact, except to present to the purchaser his card, with the number of the house thereon, which was not delivered until after the negotiations were consummated; that, although the plaintiff was requested by defendant's father, Peter P. Decker, to call on Raabe, and endeavor to make a sale, he did not do so for 10 days after the request, and it was not until the plaintiff had said that he could do nothing to bring about a sale, and that he abandoned the matter, that the defendant's father personally undertook to and did effect a sale at the price of $7,400, which was $100 less than the price asked.

The verdict of the jury was clearly against the weight of evidence, and the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.