GOLDSTEIN et al. v. GODFREY CO.

(Supreme Court, Appellate Term. January 5, 1911.)

1. PRINCIPAL AND AGENT (§ 123*)—PROOF OF AUTHORITY—SUFFICIENCY.

It was not incumbent on plaintiff, claiming under a contract made with defendant's alleged agent, to show by positive evidence that the agent had authority; but it might be proved by circumstances and conditions which would lead a reasonable man to conclude that he was acting within the authority apparently recognized by defendant.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 420–429; Dec. Dig. § 123.*]

2. PRINCIPAL AND AGENT (§ 123*)—EXISTENCE OF AUTHORITY—QUESTION FOR JURY.

Evidence *held* to justify plaintiff in dealing with an alleged agent of the defendant.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 420–429; Dec. Dig. § 123.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Isaac Goldstein and another against the Godfrey Company. From a judgment of the Municipal Court, dismissing the complaint, plaintiffs appeal. Reversed, and new trial ordered.

See, also, 126 N. Y. Supp. 620.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Herman Kahn, for appellants.

Walter E. Godfrey, for respondent.

GAVEGAN, J. The action was to recover the value of work, labor, and services and materials furnished by the plaintiffs at the special instance and request of the defendant. The undisputed facts are as follows:

On September 4, 1907, plaintiffs received a post card requesting them to call, and bearing the stamp of the defendant company with its address. Pursuant to this request one of the plaintiffs called at the address given, and had a conversation with a Mr. Spiro, which resulted in a contract being made, by the terms of which plaintiffs were to do certain work at No. 669 Ninth avenue, New York City. The contract was drawn by Spiro, and signed by the plaintiffs and by Spiro, who signed defendant company's name. Plaintiffs started to do the work provided for, but before it was completed they were ordered to discontinue. Some time thereafter plaintiffs received a check, signed by Spiro as treasurer of the defendant, in part payment of the contract price.

Apparently the only question in dispute was whether Spiro had authority to bind the defendant to the performance of the contract. It was not incumbent upon the plaintiffs to show by positive evidence that Spiro had authority to bind defendant. Such authority may be proved by circumstances and conditions which would lead a reasonable man to conclude that he was acting within the authority apparently recognized by the defendant. Wilson v. Kings County E. R. Co., 114

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

N. Y. 487, 21 N. E. 1015. It was conceded at the trial that Spiro was the secretary and treasurer of the defendant at the time the contract was made, and that the defendant was engaged in the sale of liquors. It was also conceded that Spiro had authority to sign the check given plaintiffs. In addition to these concessions, plaintiffs' testimony showed that Spiro was in charge of the liquor store of the defendant at the time the contract was made, and that the store at which the work was to be done was to be opened as a branch liquor store of the defendant. Moreover, the admission of the defendant, in its answer in a former action on this same contract, that the contract was entered into between plaintiffs and defendant, together with the fact that the check paid by the defendant was in full satisfaction of all claims under this very contract, leads me to conclude that the plaintiffs were justified in dealing with Spiro as an authorized representative of the defendant.

I am of the opinion, therefore, that there was sufficient evidence to put the defendant to its proof, and that it was error to dismiss the complaint, notwithstanding the admission of improper evidence to the effect that the defendant had offered to settle and compromise the claim with the plaintiffs. See Payne v. 42d St. Ry. Co., 40 N. Y. Super. Ct. 8; Slingerland v. Norton, 58 Hun, 578, 12 N. Y. Supp. 647; Roos v. Decker, 34 Misc. Rep. 168, 68 N. Y. Supp. 790. Substantial justice requires that the judgment be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.