Minna DeKay, Appellant, *v.* Charles H. Bliss et al., Respondents.

Where, by the terms of a contract for the sale of real estate upon which buildings were then being erected, the vendor contracted to go on and complete the buildings after the time fixed for the conveyance, a portion of the purchase-price to be retained and paid on completion; and where the conveyance was executed and delivered and the purchase-money paid as prescribed by the contract, *held*, that an action to rescind the contract, because of the failure to complete the buildings, was not maintainable by the vendee; that the covenant to give and accept a deed and simultaneously to pay and secure a portion of the purchase-money were dependent only upon the performance of what was required to be done by the parties at that time, and were independent of the undertaking to complete the buildings; and so, that the failure to perform said undertaking furnished no ground for a disaffirmance of the executed part of the contract; that plaintiff's remedy was to recover damages for the non-performance.

(Argued January 28, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 31, 1886, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

On the 22d of January, 1884, the defendant Bliss entered into a contract with Sidney DeKay, husband of the plaintiff, by which he agreed to sell to him certain premises and buildings thereon situate on the corner of Broadway and Fifty-seventh street in the city of New York for the sum of $810,000 payable as follows : $5,000 on the execution of the contract ; $35,000 on the delivery of the deed ; $250,000 by conveyance of certain premises on the corner of Broadway and Greenwich Street in that city ; $410,000 by taking the premises subject to a mortgage held by the New York Life Insurance Company ; $75,000 by DeKay's three bonds conditioned for the payment of $25,000 each secured by mortgages on three several portions of the premises first above mentioned ; and $35,000 to be paid on the first of May then next, provided the buildings being erected on the premises are then finished, and if they be not then finished, at such time as they are completed. The conveyance to be executed and delivered to Stephen H. Olin as trustee, on February 15, 1884, and payments other than the last mentioned $35,000 then to be made. On that day the deed was executed and delivered by Bliss to Olin as trustee of Minna DeKay, and such payments were made. The three mortgages were executed by Olin as such trustee, and he executed an instrument declaring the purposes of the trust assumed by him in taking the conveyance.

One of those three bonds and mortgages was assigned by Bliss to the defendant Montgomery, and the others to the defendant Kean. Default in payment of them having been made, they were foreclosed and the premises sold. Afterward and in March, 1885, this action was commenced, the object of which, as well as further material facts are stated in the opinion.

*Matthew Hale* for appellant.   Upon the undisputed facts, the contract of January 22, 1884, provided for a trustee for all parties.   The deed to Olin, trustee, of February 15, 1884, did not place the matter in any different position than it stood under the contract of January twenty-second, and the under-standing as to the trust and completion.   (Laws of 1882, chap. 410, §§ 508–513.)   The right of the plaintiff to disaffirm the contract for non-performance by Bliss on his part is not affected by reason of the mortgages being held or claimed by Kean and Montgomery.   (*Davis* v. *Beckstein,* 69 N. Y. 440.)   Time was of the essence of the agreement to finish on May 1, 1884. (3 Parsons on Cont. 386, 387.)   The doctrine in rescission that the circumstances must admit of the restoration of the parties to their original position applies to the parties to the contract, Bliss and plaintiff only, and has no reference to parties dealing subsequently with Bliss by purchasing securities which might fail in his hands by his fault.   (*Reed* v. *Bd. of Education,* 3 Keyes, 105 ; *Davis* v. *Beckstein,* 69 N. Y. 440 ; *Merchant* v. *Rawson,* Clarke's Ch. 123 ; *Frost* v. *Smith,* 7 Bosw. 108 ; *Main* v. *King,* 8 Barb. 535 ; *Lohman* v. *N. Y. & E. R. R. Co.,* 2 Sandf. 39 ; *Fisher* v. *Conant,* 3 E. D. Smith, 199 ; *Drew* v. *Duncan,* 11 How. Pr. 279 ; *Russel* v. *Russel,* 50 Barb. 445.)   The plaintiff had a right to rescind.   (*Gillet* v. *Maynard,* 5 Johns. 85 ; *Graves* v. *White,* 87 N. Y. 463, 465, 466; *Welsh* v. *Gossler,* 89 id. 541, 548 ; *Hubbell* v. *P. M. Ins. Co.,* 100 id. 41, 47 ; *Anderson* v. *Haskell,* 45 Ia. 45 ; *Seipel* v. *I. L. Ins. Co.,* 84 Penn. St. 47.)   No facts or circumstances are shown rendering a rescission impracticable or inequitable. (*Seipel* v. *L. Ins. Co.,* 84 Penn. St. 47, 50.)   The defendants, the holders of the second mortgages, Montgomery and Kean, have no equities as against the plaintiff.   (*Bush* v. *Lathrop,* 22 N. Y. 535 ; *Trustees, etc.,* v. *Wheeler,* 61 id. 88 ; *Vielie* v. *Judson,* 82 id. 32, 38 ; 1 Jones on Mort. § 844; *Seymour* v. *McKinstry,* 106 N. Y. 230, 242.)

*George L. Rives* for respondents.   The second mortgages were not delivered in escrow.   (*Worrall* v. *Munn,* 5 N. Y.

:229 ; *Wallace* v. *Berdell*, 97 id. 13, 24.) The buildings were substantially completed. (*Morgan* v. *Mulligan*, 20 N. Y. 665; *Smith* v. *Coe*, 29 id. 666 ; *Richardson* v. *Carpenter*, 46 id. ·660 ; *Cook* v. *Whipple*, 55 id. 150 ; *Corman* v. *Pultz*, 21 id. 547.) The plaintiff was not entitled to rescind. (*Merchant* v. *Rawson*, Clarke's Ch. 82 ; *McCollough* v. *Cox*, 6 Barb. 386 ; *Pepper* v. *Haight*, 20 id. 429 ; *Hoffman* v. *King*, 70 Wis. .372 ; *Snow* v. *Allen*, 144 Mass. 546 ; *Kirtz* v. *Peck*, 10 N. Y. .S. R. 796 ; *Goldsborough* v. *Orr*, 8 Wheat. 217 ; *P. W. & B. R. R. Co.* v. *Howard*, 13 How. [U. S.] 307 ; 2 Parsons on ·Cont. chap. 1, §§ 6, 7, 14 ; Id. 679 ; *Gallagher* v. *Nichols*, 60 N. Y. 438, 448 ; *Myers* v. *de Mier*, 22 id. 647 ; 4 Daly, 343 ; *Lawson* v. *Hogan*, 93 N. Y. 39; *Davison* v. *Associates of the .Jersey Co.*, 71 id. 333. ; *People* v. *Stevens*, 71 id. 527, 553 ; *Hunt* v. *Singer*, 1 Daly, 209 ; 41 N. Y. 620 ; *Frost* v. *Smith*, 7 Bosw. 108 ; *Main* v. *King*, 8 Barb. 535.) No error was ·committed on the trial. (*Daly* v. *Byrne*, 77 N. Y. 182 ; Story ·on Agency, § 134 ; Taylor on Ev. [8th ed.] 533 ; Greenl. on Ev. 113, 114 ; Phillips on Ev. [5th Am. ed.] 419, 427 ; *French* ·v. *Powers*, 18 Wkly. Dig. 86.)

Bradley, J. The purpose of this action was to rescind the ·contract of January 22, 1884, made between the defendant Bliss and Sidney DeKay, and cancel the deed from the former to defendant Olin, as trustee, also the three mortgages made ·by him to Bliss to secure payment of $75,000 of the purchase-money, and to have the payments made by DeKay, amount-ing to $329,600, declared a lien upon the premises subject ·only to the mortgage of $410,000 held by the New York Life Insurance Company. The claim for relief as here presented is founded upon the alleged failure of Bliss to com-plete the buildings upon the premises in question as he had undertaken to do. That contract was made for the benefit of the plaintiff by Sidney DeKay, her husband, and the deed was made by their direction to the defendant Olin as trustee, in the execution of which trust, parties other than the plain-tiff and her husband were also interested. It is not essential

to the consideration of the questions arising on this review that reference be specifically made to all the purposes of the trust, the execution of which was to precede its termination and the conveyance to the plaintiff or to such person as she should designate. Upon the premises were three eight-story apartment-houses under the same roof, designed to accommodate forty-eight families and known as the " Rutland." When the contract was made the buildings were in process of construction. They were to be completed by Bliss. And it was contemplated that their completion would be accomplished by the first of May following, but in the meantime the conveyance was to be executed and delivered, and payments to be made and secured other than $35,000 of the purchase-money, which was payable when the buildings should be finished. The conveyance was accordingly executed and delivered to Olin, as trustee of the plaintiff, and all the payments other than the $35,000 were made and secured as provided by the contract on the 15th day of February, 1884. The trial court found that on or about June fifteenth the whole of the Rutland was substantially completed and ready for occupancy, and was fully in all respects completed before the 1st day of September, 1884, and dismissed the complaint on the merits. This finding was supported by evidence, unless the construction of fire-escapes upon the buildings was requisite to the completion of them.

Upon that subject the view cf the General Term differed from that of the trial court, and held that the fire-escapes were essentially part of the work, and that for the want of them the buildings were not completed, and in that respect modified the determination and judgment of the Special Term. For the purposes of this review, it must be assumed that the fact upon which such modification was made, was correctly determined by the General Term, as no appeal was taken by the defendants. The inquiry, therefore, arises whether the failure of Bliss to complete the Rutland in not putting fire-escapes upon it, entitled the plaintiff to the relief sought in this action. The expense of this is not found, but

the lowest amount of it which the evidence tends to prove is $800, and the highest $4,800. In other respects the westerly and middle buildings were first completed and the corner later. They were occupied by tenants, and the rents collected for the trustee by Mr. DeKay, and he for his wife advanced from time to time after May 1, 1884, portions of the last and reserved payment to Bliss to enable him to proceed with the work of completion. All of it was advanced except $1,300. Those advances were made upon the faith that the Rutland would be completed by Bliss. As between them the contract was performed on the part of DeKay. It is urged that the agreement to complete the buildings was an inducement to the purchase, and that the contract was an entirety; and that the consideration could not be treated as divisible, or any part of it by apportionment, as applicable to the undertaking of Bliss to complete the building. It is true that the consideration of $810,000, as the purchase-price of the premises with the buildings completed, was entire as the purchase-price, but the contract provided for the payment and security of the amount to be received by him, less $35,000, on the delivery of the deed at a time preceding that of the completion of the buildings. The last-mentioned sum was to be withheld until that was accomplished. The covenants to give and accept the deed and simultaneously to pay and secure a portion of the purchase-money, were dependent only upon performance of what was required to be done by the parties at that time by way of execution of the contract, and were independent of the undertaking to complete the buildings and pay the additional amount of the purchase-money at a later day. (*Tipton* v. *Feitner*, 20 N. Y. 423; *Kirtz* v. *Peck*, 113 id. 222; 10 N. Y. S. R. 796.)

The execution of the contract *pro tanto* as provided by its terms, was accomplished on February 15, 1884. The conveyance was made and the larger portion of the purchase-money paid and secured. All that remained executory of the contract was the completion of the buildings and the payment of $35,000, deferred until such event. Those were dependent

covenants, in so far that Bliss was not entitled to payment of any portion of that sum until he had fully completed them. As contemplated when the contract was made, its provisions were so apportioned as to become executed in part and remain executory as to the residue. This was, apparently, within the intention of the parties to it, and, therefore, the right to require the execution of that first provided for, was not dependent upon what was subsequently to be performed, nor was the latter in any sense a condition precedent to the former. (*Grant* v. *Johnson*, 5 N. Y. 247; *Merchant* v. *Rawson*, Clarke's Ch. 123.)

The remedy in such case is in the liability for damages resulting from non-performance of the party in default. (*Sickels* v. *Pattison*, 14 Wend. 257.) This was the liability of Bliss, so far as he failed to perform his undertaking to finish the buildings. And as the trial court found that there was no agreement in that respect on his part other than that embraced in the contract of January twenty-second, he did not undertake to complete them in any specified time, but he was required to do it within a reasonable time. Assuming, as we do, for the purposes of this review, that the supply of fire-escapes was requisite to the completion of the Rutland, it would seem that the defendant Bliss was in default in not putting them on the buildings, and that so far as the plaintiff has failed to retain sufficient of the last installment for indemnity, her remedy is for damages. The plaintiff, by the allegations of her complaint, placed her claim for relief on broader ground than is here for consideration. She there alleged that the completion of the buildings was, at the time of execution and delivery by Bliss of the deed, made so far a condition precedent as to render the three bonds and mortgages then executed by the trustee ineffectual until the Rutland was finished; and that for such purpose they, until then, were to be held as escrows. The trial court found the fact to the contrary; and the plaintiff has nothing remaining to urge in support of her claim for relief other than the failure of Bliss to put fire-escapes on the buildings. This was merely partial

failure of consideration resulting from the breach, and, as has already been suggested, furnishes no ground to disaffirm the executed provisions of the contract. And there does not appear in aid of the plaintiff to have been any fraud, mistake or undue advantage suffered, nor was there any such failure of consideration as to justify a court of equity in annulling the contract so far as executed, or in canceling the deed to the trustee and the mortgage made by him pursuant to it. (*Stephen's Appeal*, 87 Penn. St. 202; *Babcock* v. *Case*, 61 id. 427; 100 Am. Dec. 654.) The mortgages were made by the trustee, with the consent of the plaintiff, to carry out the contract made for her by her husband, and whatever use was subsequently made of them has no essential importance upon any question here.

No support for the relief sought in this action upon the facts as presented, is found in the doctrine of the cases cited on the part of the plaintiff.

The view taken leads to the conclusion that the judgment should be affirmed.

All concur, except HAIGHT, J., not sitting, and POTTER, J., not voting.

Judgment affirmed.