LYDIA ROCKWELL v. HERBERT J. WELLS AND LIZZIE WELLS.

*Deed—Mistake—Failure of consideration—Mortgage foreclosure— Equitable set-off.*

A grantor, after conveying a portion of a city lot, conveyed the entire lot by warranty deed to a purchaser who had no knowledge of the former conveyance, but supposed that he was securing a title to the entire lot, which he mortgaged to the grantor to secure the payment of a portion of the purchase money. The grantor filed a bill to reform the deed and mortgage so as to make them operative only as to the portion of the lot owned by him at the time of their execution, and to foreclose the mortgage as reformed. It appeared from the evidence that the grantee had made improvements upon the house situate on the portion of the lot owned by the grantor, and that the grantor was not financially able to take a reconveyance and place the grantee *in statu quo.* And a foreclosure decree allowing a deduction from the mortgage to the extent of the damages sustained by the grantee in not securing title to the entire lot is affirmed.[1]

Appeal from Jackson. (Peck, J.) Submitted on briefs January 9, 1895, Decided February 12, 1895.

[1] See *Pfirrman v. Wattles*, 86 Mich. 254, 260.

Bill to reform a deed and mortgage so as to except from their operation a portion of the land described therein which had been previously conveyed to a third party, and to foreclose the reformed mortgage. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*Grove H. Wolcott,* for complainant.

*Parkinson & Campbell,* for defendants.

LONG, J.    This bill was filed to correct and foreclose a mortgage for the sum of $514.40 executed by defendants to complainant, and also to amend a deed from complainant to defendants conveying the same premises set forth in the mortgage.    The deed and mortgage, each bearing date May 14, 1892, covered lot 9 in block 4 in Carr's East addition to the city of Jackson.    The complainant had on the 18th day of July, 1885, conveyed by warranty deed a strip eight feet wide off the north side of the lot.    The deed and mortgage in question made no exception or reservation as to the eight-foot parcel.    The complainant insists that the omission was wholly due to mistake and inadvertence on the part of the attorney who prepared the conveyances, and of the parties, and asks to have the description in said instruments reformed so as to carry out the intention of the parties by containing only that part of lot 9 owned by her on the 14th day of May, 1892, and for a decree for the sale of such premises to satisfy the amount due on the mortgage.

The defendants admit the execution and delivery of the deed and mortgage, and also of the deed of complainant of the eight-foot strip to William Page, made in 1885, and that neither the deed nor mortgage contained any exception as to the eight-foot strip.    Defendants deny that they had any knowledge of the sale by complainant of the eight-foot parcel off the north side of the lot in 1885,

and allege that they, as well as the atttorney who prepared the papers, supposed at the time of the sale of the premises by complainant to them that she was the owner of lot 9, entire and complete, as platted, and deny that there was any mistake about the transaction. Defendants charge complainant with fraud, in permitting them to accept such deed and to execute the aforesaid mortgage without giving them information about the sale of the eight-foot strip. Their answer is in the nature of a cross-bill, and seeks affirmative relief in having the sale rescinded and the mortgage and note canceled, allowing to complainant a reasonable sum for the use of the premises, and, to defendants, damages for moving, and expenses in completing the house on the premises, and moneys paid upon the mortgage assumed by them, and for improvements, and any damages they might be entitled to by reason of the failure of complainant to give title to such eight-foot strip, and that complainant be required to pay any balance in their favor to defendants, and that the same be a lien on said lot; or, in case defendants were not damaged to the amount of said mortgage and note, that said sale, note, and mortgage be not rescinded and canceled, but that defendants, if damaged by failure to receive said strip, have such damages deducted from the mortgage.

A decree was entered for the sale of the premises, except the north eight feet, for the sum of $178.24, the amount remaining due on the mortgage after deducting the sum of $250 allowed by the court for damages for the failure of the complainant to give title to the north eight feet. From this decree the complainant appeals.

It appears that lot 9 was on the east side of Pleasant street, and was platted 80 feet wide. It was one of a line of lots, extending east and west through this addition, of a uniform width of 80 feet. The lots north of lot 9 were not built upon, nor their boundaries defined by fences or

other means.   On this lot 9 was a house partly completed, and on the east or rear end of the lot was a barn.   The driveway to the barn was over this eight-foot strip, and there was nothing indicating any separation between this strip and the rest of the lot, or that it was not a part and parcel of the lot.   By taking this strip off, it left only about seven feet between the line of the lot and the house. Mr. Sagendorph, an attorney, prepared the papers between the parties.   The purchase price was $1,575, and to secure a part of the purchase money the mortgage of $514.40 was given.   It appears that at the time the papers were made the defendants supposed they were purchasing the whole of lot 9, and not a lot with this eight feet sold off, and Mr. Sagendorph so understood it.   On the other hand, the complainant contends that she supposed she was selling the lot less the eight feet.   Before these papers were executed, but after the sale of the eight feet, the complainant had mortgaged the whole lot to a building and loan association.   It was from this mortgage that Mr. Sagendorph drew the deed and mortgage in the present case. He did not know that complainant did not own the whole lot, though the abstract, which was before him, showed the sale of that strip to Page.   After the purchase the defendants moved into the house on the premises, completed it, and paid taxes upon the premises.   They sold the barn to the complainant for $100, and got credit for that amount on the mortgage.   Several weeks after moving upon the premises the defendants learned from complainant that she did not own the eight-foot strip, and that she had, prior to that time, sold this strip to Mr. Page.   They then wanted either to be reimbursed, and have the trade canceled, or retain the property, and be allowed for partial failure of consideration.   The parties did not agree upon the terms, and this bill was filed.

It is contended by complainant that this was a mutual

mistake, and that the court below should have corrected it by reforming the deed and mortgage so that they should convey the lot less the eight-foot strip. We do not agree with this contention. It was not a mutual mistake. The defendants supposed they were getting the whole of lot 9. They did not know they were not to get the whole of it. The claim they make in their cross-bill is not that there was a mistake, but that they were to have the whole of lot 9, and that, the complainant having deeded this eight-foot strip away before her deed to them, it was a fraud upon them, and that the sale should either be rescinded, or a partial failure of consideration declared, and a deduction made from the mortgage. It appears, however, that defendants had expended several hundred dollars on the property, in finishing the house, grading the grounds, etc., which made it practically impossible for the complainant to receive the property back and pay the difference thereon. There was a partial failure of consideration, for which we think the defendants were entitled to an equitable set-off or deduction from the note and mortgage. They completed the work on the house after getting the deed, and before they knew they did not own title to the whole lot. They had no practicable remedy, except to hold possession and await foreclosure, and so seek relief by an equitable allowance, as against the mortgage, or to themselves resort to some equitable remedy by bill.

A partial failure of consideration is a defense *pro tanto.* Jones, Mortg. (4th ed.) § 1490; *Dayton v. Melick,* 32 N. J. Eq. 570; *De Kay v. Bliss,* 120 N. Y. 91. In *Dayton v. Melick, supra,* it was held that when a grantor, by misrepresentations, induces his grantee to believe that the property contains more land than in fact it does contain, such grantee is entitled to a proportionate deduction from the amount due on his mortgage, given for part of the consideration, on its foreclosure. The same rule was laid

down in *De Kay v. Bliss, supra.* While it is true that no false representations in fact are claimed to have been made in this case, yet it is apparent that the defendants purchased in the full belief that they were getting the whole lot, and the deed conveyed the whole. The complainant knew she did not own, and could not convey title to, this strip, yet executed and delivered a deed of the whole. She is not in a position to make the title good, or, as appears by the record, financially able to take a reconveyance and place the defendants *in statu quo.* The court below allowed a deduction from the mortgage only to the extent of the damages sustained by defendants in not getting title to this strip. We think the court below reached the only equitable result in the case.

The decree is affirmed, with costs.

The other Justices concurred.