STONE v. WESTCOTT.

(Supreme Court, Appellate Division, Third Department.   November 29, 1898.)

CONTRACT—SEVERABLE OBLIGATIONS.

> Recovery can be had for a failure to deliver hops from the crops of the second year on a contract to deliver 10 bales of hops from the crops of each year for the term of two years, to be paid for on delivery, where nonperformance of the buyer's first year's obligations was not alleged.

Appeal from judgment on report of referee.

Action by H. Verdine Stone against Luzerne Westcott for breach of contract.   From a judgment for plaintiff entered on the report of a referee, defendant appeals.   Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Alva Seybolt, for appellant.

S. D. White, for respondent.

LANDON, J.   The record contains the judgment roll and the defendant's exceptions to the referee's findings of fact, but no "case." The complaint alleges that the parties in November, 1894, made an agreement in writing, as follows:

"The party of the first part [the plaintiff] has this day sold, and agrees to deliver or cause to be delivered, to the party of the second part [the defendant], ten bales of hops for the term of two years, commencing with the crop of eighteen hundred and ninety-five and ending with the crop of eighteen hundred and ninety-six.   Said hops are to be fully matured, clean picked, properly cured, and the whole crop well mixed together, and a good, prime, merchantable hop, in bales weighing from 185 to 205 lbs. each, five pounds per bale tare to be deducted.   The party of the second part agrees to receive said hops on above terms and conditions, and pay for the same at the rate of 12½ cents per pound, as follows:   Five dollars on the signing of this contract, receipt of which is hereby acknowledged, and five cents per lb. after ten days' picking and second party's inspection and acceptance, and the balance on delivery of said hops at Hamilton railroad station, during the month of Sept., 1895 and 1896, after giving the party of the first part five days' notice of delivery."

—And that in September, 1896, the plaintiff duly tendered the defendant 10 bales of hops of the quality and in the condition called for by the contract, and of the weight of 2,000 pounds, less tare, but the defendant refused to receive or pay for them, to plaintiff's damage the difference between the contract price and the market price, which was $120, less $5, paid in the contract.   The answer admits the contract, and denies the other allegations of the complaint.   Nothing is said in the complaint, answer, or decision as to whether the 10 bales of the crop of 1895 were delivered.   The referee finds for the plaintiff substantially as alleged in the complaint.

The defendant contends that the contract is an entirety, and that the plaintiff cannot recover without proof of performance in 1895. The contract is so far an entirety that plaintiff's nonperformance in 1895 would, perhaps, justify defendant's nonperformance in 1896; yet it imposes upon each party its several obligations for each year. The 10 bales of 1895 were to be delivered and paid for before the crop

54 N.Y.S.—40

of 1896 should begin to grow. What is to be presumed from the silence of each party respecting performance in 1895? Clearly, that neither party has any fault to find with the other. So we reach 1896 without prejudice from 1895. The defendant refused to perform in 1896, to the plaintiff's loss. No justification or excuse appears, and certainly none can be implied. The plaintiff need not weary the court with proof as to 1895, when the only question raised by the parties relates to 1896. It follows that the obligations of the contract are so far severable that the second year may be considered separately from the first, in the absence of any allegation that the obligations of the first year were not performed. Tipton v. Feitner, 20 N. Y. 423; Pierson v. Crooks, 115 N. Y. 540, 554, 22 N. E. 349; De Kay v. Bliss, 120 N. Y. 91, 24 N. E. 300. It was for the defendant to plead this, if there was anything in it to his advantage. Kirtz v. Peck, 113 N. Y. 222, 21 N. E. 130; Hall v. Reflector Co., 30 Hun, 375, affirmed 96 N. Y. 629.

The judgment should be affirmed, with costs. All concur.