PETERSON *v.* POLOMS.

1. VENDOR AND PURCHASER—FRAUD—VENDEE'S REMEDIES FOR FRAUD.
    Vendees, on discovering they have been defrauded, are entitled to rescind the contract by placing vendor *in statu quo,* or to retain the property and sue for fraud in inducing contract, or they may refuse to pay on contract and recoup damages for fraud in suit on contract for purchase price.

As to actionable character of fraudulent representations made by vendor as to area within boundaries correctly pointed out, see 23 L. R. A. (N. S.) 487.

2. SAME—ASSIGNEE OF LAND CONTRACT TAKES SUBJECT TO DEFENSES.
    Assignee of vendor in land contract takes it subject to defenses
    against its validity, and has no other or different rights against
    vendee than had vendor.

3. SAME—SET-OFF AND RECOUPMENT.
    In action by vendor's assignee against vendees for amount due
    on contract, vendees may set off, as of date of contract,
    amount of judgment obtained by them in action against
    vendor for fraud in inducing contract.

Error to Allegan; Cross (Orien S.), J. Submitted
January 15, 1930. (Docket No. 106, Calendar No.
34,556.) Decided April 7, 1930.

Assumpsit by Anna J. Peterson against Max H.
Poloms and another to recover amount due on land
contract. From judgment for plaintiff, defendants
bring error. Reversed, and new trial granted.

*Wilkes & Stone* and *Harry C. Howard,* for plain-
tiff.

*Leo W. Hoffman* and *Clare E. Hoffman (Jay
Linsey,* of counsel), for defendants.

POTTER, J. Plaintiff brought suit against defend-
ants to recover the amount due on a contract for
certain lands and premises in Allegan county, which
she claims she holds as assignee of Carl H. Peter-
son, who was defendant in a suit brought by de-
fendants against said Carl H. Peterson in the circuit
court of Allegan county, wherein judgment was
rendered October 25, 1928, for $2,500 and costs,
against said Carl H. Peterson, for fraud inducing
the contract sued upon in this case, which judgment
was later affirmed by this court (249 Mich. 306).
Defendants pleaded the general issue, gave notice of
the recovery of the judgment above referred to and

the pendency of the cause in this court by writ of error. They tendered the amount claimed to be due upon the contract for interest and costs to date of the commencement of suit, and gave notice they had recovered the judgment above referred to, that defendant in that cause, Carl H. Peterson, assignor of plaintiff herein, had agreed to set off the judgment in the tort case above referred to, against the amount due on the contract. There was judgment for plaintiff for the full amount due upon the contract, and defendants bring error.

If the vendor in the land contract sued upon made false or fraudulent representations as to the value or quality of the land sold, whereby the purchasers were misled to their injury, such purchasers were entitled, upon the discovery of the fraud, to rescind the contract by placing the vendor *in statu quo,* or to retain the property and sue for fraud in inducing the contract, or they might refuse to pay upon the contract and recoup damages for fraud in a suit on the contract for the purchase price. 14 Am. & Eng. Enc. Law (2d Ed.), 169; 29 Am. & Eng. Enc. Law (2d Ed.), 630, or they may have an abatement of the purchase price in case there is a fraudulent representation as to the quantity of land conveyed. *Rockwell* v. *Wells,* 104 Mich. 57.

"If the vendor has made false or fraudulent representations as to the quality or value of the land, whereby the purchaser is misled, he is entitled to an abatement of the purchase-price on that account, the amount allowed to be deducted from the purchase-price, as of the date of purchase." 39 Cyc. p. 1583.

The defendants herein, as plaintiffs in the fraud case, did not wait to recoup damages in a suit upon

the contract, but acted promptly, instituted an independent action, and recovered judgment.

"Although there has been considerable diversity of opinion on the subject it is held in a majority of the cases that pendency of another action for a claim offered in recoupment, set-off, counter-claim, or reconvention does not affect the right of plaintiff in the former action to interpose the claim as a cross demand when sued by defendant in the former action, even after verdict in the former action, or after judgment from which an appeal is pending, nor even though plaintiff has paid the money into court in such former suit." 34 Cyc. pp. 674, 675.

Plaintiff claims her vendor having sold and conveyed the premises to plaintiff, she is an innocent purchaser for value, and the defense based upon the fraud of her vendor, in inducing the contract sued upon, is not available as a defense to the contract in her hands. This is not the law. Plaintiff, as assignee of a vendor in a land contract, takes it subject to defenses against its validity. She stands in the place of the vendor, and can have no other or different rights against the vendee than had the vendor. *Howell* v. *Medler,* 41 Mich. 641; *Seligman* v. *Ten Eyck's Estate,* 49 Mich. 104; *Stephens* v. *Coryell,* 169 Mich. 48; *Ward* v. *Township of Alpine,* 204 Mich. 619; *Cutler* v. *Lovinger,* 212 Mich. 272; *Clark* v. *Bussard,* 220 Mich. 304; *American Cedar & Lumber Co.* v. *Gustin,* 236 Mich. 351.

The judgment belonging to defendants, against plaintiff's assignor, growing out of his fraud in procuring the contract assigned to plaintiff and sued upon, existing and outstanding, at the time of the commencement of this suit, may be set off, as of the date of the contract sued upon, against plaintiff's claim. Had this been allowed, plaintiff would not

have been entitled to judgment. Reversed, with costs to defendants, and a new trial granted.

BUTZEL, CLARK, SHARPE, NORTH, and FEAD, JJ., concurred with POTTER, J. WIEST, C. J., concurred in the result. McDONALD, J., did not sit.