Per Curiam.
 

 i. introduction
 

 Plaintiff, Edward J. Shields, appeals as of right the trial court’s order dismissing his third-party complaint to recover response activity costs for environmental contamination. The parties first addressed the timeliness of this action in the context of Shell Oil Company’s motion for summary disposition pursuant to MCR 2.116(C)(7), which the trial court granted. We must decide whether subsection 2 of § 20140 of Michigan’s Natural Resources and Environmental Protection Act (NREPA), MCL 324.20140(2); MSA 13A.20140(2), is a statute of repose that acts as an absolute bar to actions that accrued before July 1, 1991, or a statute of limitation that is subject to the discovery rule. We hold that subsection 2 is a statute of repose and affirm.
 

 H. BASIC FACTS AND PROCEDURAL HISTORY
 

 In October 1987, Shell sold a gasoline station to Shields’ son, Daniel Shields. The purchase agreement contained an indemnification/hold-harmless clause relieving Shell of liability for potential contamination from the old underground storage tanks. Daniel Shields required Shell to remove its underground storage tanks at the time of the sale. Daniel Shields later installed new storage tanks in an underground area Shell exposed when it removed the old tanks.
 

 In October 1991, while negotiating a sale of the gasoline station to Harbhajan Singh, Daniel Shields
 
 *685
 
 arranged to test the property for pollution. Soil samples taken at the site revealed gasoline contamination outside the area Shell excavated when it removed the old storage tanks. Daniel Shields’ environmental consultant concluded that Shell’s old tanks caused the pollution because testing did not reveal contamination in the area near the new underground storage tanks. Although aware of the contamination, Daniel Shields sold the property on land contract to Singh in March 1992. Daniel Shields then transferred his vendor’s interest in the land contract to Shields in October 1993.
 

 In January 1994, Singh sued Daniel Shields; Daniel’s wife, Cathy; and Shields, seeking damages for breach of contract and to force them to remediate the contamination in accordance with the land contract. That case resulted in a December 1994 consent judgment awarding Harbhajan Singh a $38,500 credit toward the land contract pinchase price. Shields filed this action in September 1996, seeking to recover from the defendant the $38,500 credit on the basis that the nrepa holds property owners at the time of contamination responsible for remediation costs.
 

 Shell moved for summary disposition after Shields admitted that the contamination was present at the time Daniel Shields purchased the property in 1987. Accordingly, Shell argued that the limitation period set forth in the nrepa for actions seeking recovery of response activity costs that accrued before July 1, 1991, barred this action. Shields responded by arguing that incurring response activity costs triggered a six-year limitation period and that he, Daniel Shields, and Cathy Shields did not incur response costs until the December 1994 consent judgment.
 

 
 *686
 
 The trial court ruled that Shields’ action accrued not in December 1994, but rather in 1987, when his predecessor in interest, Daniel Shields, purchased the contaminated property. As a result, the action was subject to the limitation period described in subsection 2. The court concluded that because Shields filed this action on September 20, 1996, more than two years after the July 1, 1994, deadline for filing claims, the suit was time-barred and, therefore, summary disposition under MCR 2.116(C)(7) was appropriate. The court deemed this limitation period described in subsection 2 a statute of limitation. We do not wholly agree with that designation, even though we agree that subsection 2 barred this action.
 

 m SHIELDS’ ARGUMENT
 

 Shields acknowledges on appeal that there are no cases clearly interpreting subsection 2. However, he argues that federal decisions make clear that a cause of action under part 201 of the NREPA, MCL 324.20101
 
 et seq.)
 
 MSA 13A.20101
 
 et seq.,
 
 does not accrue until a potential plaintiff incurs response activity costs.
 
 [1]
 
 Shields contends that such an interpretation of subsection 2 would be consistent with the Legislature’s express intent to impose liability for response activities on the party responsible for causing contamination. Shields thus concludes that Shell should bear the cost of remediation because it caused the contamination and that the trial court’s order granting sum
 
 *687
 
 mary disposition was erroneous because the holding clearly thwarted this legislatively intended result.
 

 Shields also asserts that a cause of action does not accrue until a plaintiff discovers the harm, which is soil contamination in this case. He argues that the claim in this case did not accrue until he discovered the gasoline contamination on October 17, 1991, taking him out of the period of limitation that subsection 2 imposes.
 

 Given Shields’ arguments, our ultimate task is to interpret subsection 2 and to apply that interpretation to the facts of this case. To do that, however, we must first decide whether subsection 2 is a statute of limitation or a statute of repose.
 

 IV. preservation of the issue and standard of review
 

 This Court is obligated to review only issues that are properly preserved.
 
 Pittsburgh Tube Co v TriBend, Inc,
 
 185 Mich App 581, 589-590; 463 NW2d 161 (1990) . An issue not raised and addressed in the trial court is not preserved for appeal.
 
 Environair, Inc v Steelcase, Inc,
 
 190 Mich App 289, 295; 475 NW2d 366 (1991) . Shell raised this statute of limitation issue in its motion for summary disposition, which Shields then discussed in his response, and the trial court ultimately addressed by granting the motion. Therefore, the issue was preserved for appeal. See MCR 2.517(A)(7).
 

 Review de novo is appropriate in this case for three reasons. This Court reviews a circuit court’s grant of summary disposition de novo.
 
 Ins Comm’r v Aageson Thibo Agency,
 
 226 Mich App 336, 340; 573 NW2d 637 (1997). Whether the statute of limitation bars a cause of action is a question of law, which we review de
 
 *688
 
 novo.
 
 Id.
 
 at 340-341. Furthermore, the question presented for us to decide calls for statutory interpretation, which is, once again, a question of law subject to review de novo on appeal.
 
 Sandy Pines Wilderness Trails, Inc v Salem Twp,
 
 232 Mich App 1, 11; 591 NW2d 658 (1998), quoting
 
 Rose Hill Center, Inc v Holly Twp,
 
 224 Mich App 28, 32; 568 NW2d 332 (1997).
 

 V. INTERPRETING AND APPLYING SUBSECTION 2
 

 A. THE NREPA LIMITATION PERIOD
 

 MCL 324.20140; MSA 13A.20140 provides:
 

 (1) Except as provided in subsection (2), the limitation period for filing actions under this part is as follows:
 

 (a) For the recovery of response activity costs and natural resources damages pursuant to section 20126a(l)(a), (b), or (c), within 6 years of initiation of physical on-site construction activities for the remedial action selected or approved by the department at a facility, except as provided in subdivision (b).
 

 (b) For 1 or more subsequent actions for recovery of response activity costs pursuant to section 20126, at any time during the response activity, if commenced not later than 3 years after the date of completion of all response activity at the facility.
 

 (c) For civil fines under this part, within 3 years after discovery of the violation for which the civil fines are assessed.
 

 (2)
 
 For recovery of response activity costs and natural resources damages that accrued prior to July 1, 1991, the limitation period for filing actions under this part is July 1, 1994.
 
 [Emphasis supplied.]
 

 B. THE PURPOSE AND FORM OF STATUTORY INTERPRETATION
 

 The primary goal of statutory interpretation is to ascertain and give effect to the Legislature’s intent
 
 *689
 
 when it enacted a provision.
 
 Michigan Basic Property Ins Ass’n v Ware,
 
 230 Mich App 44, 49; 583 NW2d 240 (1998). The specific language of the statute is often a good, if not the best, indication of the Legislature’s intent.
 
 House Speaker v State Administrative Bd,
 
 441 Mich 547, 567; 495 NW2d 539 (1993). If statutory language is clear and unambiguous, the courts must apply it as written.
 
 Western Michigan Univ Bd of Control v Michigan,
 
 455 Mich 531, 538; 565 NW2d 828 (1997). However, if reasonable minds can differ regarding the meaning of a statute, judicial construction is appropriate.
 
 Heinz v Chicago Rd Investment Co,
 
 216 Mich App 289, 295; 549 NW2d 47 (1996). When the courts have a role in construing a statute, they “must look to the object of the statute, the harm which it is designed to remedy, and apply a reasonable construction which best accomplishes the statute’s purpose.”
 
 In re Forfeiture of $5,264,
 
 432 Mich 242, 248; 439 NW2d 246 (1989); see also
 
 Frankenmuth Mut Ins Co v Marlette Homes, Inc,
 
 456 Mich 511, 515; 573 NW2d 611 (1998) (“ ‘Statutes of limitation, along with statutes of repose, are construed to advance the policy that they are designed to promote.’ ” Quoting with approval the Court of Appeals opinion in the same case, 219 Mich App 165, 170; 555 NW2d 510 [1996]).
 

 C. STATUTES OF LIMITATION, CLAIM ACCRUAL, AND THE DISCOVERY RULE
 

 The Legislature has been granted authority by the constitution to enact statutes to limit the time in which a plaintiff may file suit. Const 1963, art 3, § 7; see also
 
 O’Brien v Hazelet & Erdal,
 
 410 Mich 1, 15;
 
 *690
 
 299 NW2d 336 (1980), citing
 
 Bean v McFarland,
 
 280 Mich 19; 273 NW 332 (1937). In
 
 Bigelow v Walraven,
 
 392 Mich 566, 576; 221 NW2d 328 (1974), the Supreme Court explained that statutes of limitation serve three important purposes:
 

 [They] are intended to “compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend”; “to relieve a court system from dealing with ‘stale’ claims, where the facts in dispute occurred so long ago that evidence was either forgotten or manufactured”; and to protect “potential defendants from protracted fear of litigation.” [Quoting 51 Am Jur 2d, Limitation of Actions, § 17, pp 602-603.]
 

 In effect, once a period of limitation has elapsed, a defendant has an affirmative defense to a suit commenced at a later date.
 
 Sills v Oakland General Hosp,
 
 220 Mich App 303, 308-309; 559 NW2d 348 (1996).
 

 The primary inquiry in any case that involves a statute of limitation defense focuses on determining the deadline for filing an action. See, generally,
 
 Beauregard-Bezou v Pierce,
 
 194 Mich App 388, 391-392; 487 NW2d 792 (1992). To determine this deadline, a court must know when the claim accrued. MCL 600.5827; MSA 27A.5827. Pursuant to the relevant language in this general accrual statute, a claim accrues “at the time the wrong upon which the claim is based was done regardless of the time when damage results.”
 
 Id.
 
 In 1972, the Michigan Supreme Court interpreted this language to mean that a claim does not accrue until “all of the elements of an action for personal injury, including the element of damage, are present.”
 
 Connelly v Paul Ruddy’s Equipment Repair & Service Co,
 
 388 Mich 146, 151; 200 NW2d 70 (1972). Conse
 
 *691
 
 quently, a cause of action may accrue on the date the defendant’s negligent act harms the plaintiff, which may occur some time after the date on which the defendant acted negligently. See
 
 Stephens v Dixon,
 
 449 Mich 531, 534-535; 536 NW2d 755 (1995).
 

 The accrual rule works well when a plaintiff is aware that all elements of a cause of action exist. However, “[w]here an element of a cause of action, such as damage, has occurred, but cannot be pleaded in a proper complaint because it is not yet discoverable with reasonable diligence, Michigan courts have applied the discovery rule.”
 
 Travelers Ins Co v Guardian Alarm Co of Michigan,
 
 231 Mich App 473, 479-480; 586 NW2d 760 (1998). The discoveiy rule effectively delays when a period of limitation begins to run by delaying when a claim accrues, thereby extending the time in which a plaintiff can file a complaint.
 

 Whether the discovery rule applies in a given case depends on when a plaintiff discovered or should have discovered a cause of action, which is an objective test.
 
 Poffenbarger v Kaplan,
 
 224 Mich App 1, 11-12; 568 NW2d 131 (1997). A plaintiff need only be aware that a possible cause of action exists, not that a likely cause of action exists.
 
 Gebhardt v O’Rourke,
 
 444 Mich 535, 544; 510 NW2d 900 (1994). A period of limitation begins to run once a plaintiff is aware of an injury that presents a possible cause of action.
 
 Solowy v Oakwood Hosp Corp,
 
 454 Mich 214, 223; 561 NW2d 843 (1997). “The law imposes on a plaintiff, armed with knowledge of an injury and its cause, a duty to diligently pursue the resulting legal claim.”
 
 *692
 

 Moll v Abbott Laboratories,
 
 444 Mich 1, 29; 506 NW2d 816 (1993).
 

 D. STATUTES OF REPOSE
 

 A statute of repose, like a statute of limitation, prevents plaintiffs from pressing stale claims and relieves defendants from worrying about litigation in the far distant future.
 
 Frankenmuth Mut Ins Co, supra
 
 at 515. Language to the effect that a party may not file an action after a specific date or period or that no action may be filed for a claim that accrued before a particular date is often a tell-tale sign that the statute is one of repose, not of limitation. See generally MCL 600.5838a(2); MSA 27A.5838(1)(2), MCL 600.5839(1); MSA 27A.5839(1). This approach to filing deadlines is so firm that, unlike a statute of limitation, a statute of repose may bar a claim even before an injury or damage occurs.
 
 O’Brien, supra
 
 at 15. Consequently, the date on which a plaintiff discovers a cause of action ordinarily is irrelevant when determining if a statute of repose bars an action as untimely.
 
 [2]
 
 See, generally,
 
 Sills, supra
 
 at 308; see also
 
 Abbott v John E Green Co,
 
 233 Mich App 194, 204, n 6; 592 NW2d 96 (1998).
 

 E. CLASSIFYING SUBSECTION 2
 

 Courts have, in the past, concluded that a single enactment can be both a statute of limitation and a statute of repose. See
 
 O’Brien, supra
 
 at 15;
 
 Sills, supra
 
 at 308. Subsection 2 appears to be a statute of limitation to the extent that it provides a period during which a plaintiff may file an action. Nevertheless,
 
 *693
 
 a statute of repose may contain an express period for filing an action. See, generally,
 
 Iron Co v Sundberg, Carlson & Associates, Inc,
 
 222 Mich App 120, 126; 564 NW2d 78 (1997) (calling MCL 600.5839; MSA 27A.5839, which prescribes a filing period, a statute of repose).
 

 A number of elements of subsection 2 lead us to conclude that this statute is primarily one of repose. First, subsection 2 flatly bars all suits filed after July 1, 1994, for claims that accrued before July 1, 1991, which is consistent with the absolute ban on suits that is found in other statutes of repose. Second, subsection 2 does not attempt to establish a uniform amount of time in which to file an action no matter when the claim accrues. Compare MCL 600.5805; MSA 27A.5805. For example, subsection 2 does not permit a plaintiff with a claim that accrued before July 1, 1991, to file an action within three years, whenever those three years might occur on the calendar. As a result, plaintiffs with older claims would potentially have a longer time in which to file a nrepa action than plaintiffs whose claims accrued near the July 1, 1991, cut-off date, which is inconsistent with the usual designation of a uniform period in which to file an action that is characteristic of a statute of limitation.
 

 Finally, and with this second factor in mind, we cannot ignore the marked contrast in form between subsection 1, MCL 324.20140(1); MSA 13A.20140(1), and subsection 2. Subsection 1 presents itself as a statute of limitations, providing either three-year or six-year periods in which to file an action after certain activities occur. More to the point, subsection 1 does not contain any absolute deadline for filing
 
 *694
 
 actions, like the July 1, 1994, deadline in subsection 2. If we had any doubt that subsection 2 was a statute of repose, and we do not, this distinction would convince us that the Legislature intended subsection 2 to be this more rigid type of provision, not subject to a discovery rule or any other principle that might vary the deadlines plainly evident from the text.
 

 VI. SHIELDS’ CLAIMS UNDER SUBSECTION 2
 

 Shields’ theory of liability, that Shell’s underground gasoline storage tanks leaked, provides us with the relevant timeline for determining when the claim accrued. Shell’s allegedly negligent conduct must have occurred during or before 1987, because Daniel Shields acquired the gasoline station property and Shell removed the old tanks that year. As the party interested in the payments Singh must make pursuant to the land contract, Shields has the same claims and is subject to the same defenses as the prior owner of the land, Daniel Shields. See, generally,
 
 Peterson v Poloms,
 
 250 Mich 311, 314; 230 NW 184 (1930). Consequently, because all the elements of a nrepa claim would have accrued for Daniel Shields when he acquired the property in 1987 irrespective of when he discovered the contamination, Shields’ claim also accrued at that time—well before the July 1, 1991, date in subsection 2. Therefore, the 1996 filing in this case was untimely and the trial court did not err in dismissing this case.
 
 [3]
 

 
 *695
 
 We see nothing inequitable in this result. If, as Shields claims, the Legislature intended to hold only the actual polluter responsible for response activity costs under the nrepa, then Daniel Shields should have sued Shell when he discovered the gasoline-contaminated soil in 1991. Daniel Shields’ insistence that Shell remove the old gasoline tanks suggests that he suspected that there was a pollution problem. In any event, diligent investigation at the time Daniel Shields purchased the land from Shell in 1987 or when Shields acquired the interest in the land contract with Singh in 1993 would have revealed the storage tank problem. The statute of repose is intended to solve this very problem—the threat of litigation haunting long-gone owners—and we must apply it in this instance.
 

 vn. conclusion
 

 Shields’ cause of action accrued before July 1, 1991, and, therefore, he had to file this action before July 1, 1994, under subsection 2, which we interpret as a statute of repose. Because Shields waited until September 20, 1996, to file his complaint, it is time-barred as a matter of law. Therefore, we hold that the trial court did not err in granting summary disposition to Shell under MCR 2.116(C)(7) and affirm.
 

 Affirmed.
 

 [1]
 

 Shields urges this Court to conduct a review of federal case law decided under the federal Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (cercla), as amended, 42 USC 9601
 
 et seq.
 
 We decline to do so, however, because Shields has failed to identify a statute of repose in the cercla that is similar to subsection 2.
 

 [2]
 

 The Legislature may choose to make discovery of an iryury relevant to a statute of repose by using explicit language to that effect. See MCL 600.5839; MSA 27A.5839.
 

 [3]
 

 We note, in passing, that the predecessor to subsection 2, the limitations provision in the Michigan Environmental Response Act, was also a statute of repose, which read: “For recovery of response activity costs and natural resources damages that accrued prior to the effective date of this section, the limitation period for filing actions under this act shall be 3 years from that effective date.” MCL 299.617(2); MSA 13.32(17)(2),
 
 *695
 
 repealed by 1994 PA 451, § 90101. The effective date for this section was July 1, 1991. See 1990 PA 234, § 4. Therefore, the statute barred claims that accrued before July 1, 1991, and were not filed before July 1, 1994. As a result, Shields’ claims would be as untimely under the old provision as they are under subsection 2.