621 N.W.2d 215 (2000)
Edward J. SHIELDS, Plaintiff-Appellant, and
Attorney General and Michigan Department of Environmental Quality, Intervening-Appellants,
v.
SHELL OIL COMPANY, Defendant-Appellee.
No. 116286, COA No. 207540.
Supreme Court of Michigan.
December 27, 2000.
On order of the Court, the motions to intervene and motion for immediate consideration are considered, and they are GRANTED. The delayed application for leave to appeal is considered, and, in lieu of granting leave to appeal, we GRANT the motion for peremptory reversal of the October 1, 1999, decision of the Court of Appeals, and we VACATE the June 2, 1997, order of the Oakland Circuit Court. Under either the former or amended version of M.C.L. § 324.20140; MSA 13A.20140, it is clear that only actions for recovery of response activity costs incurred before July 1, 1991, were subject to the July 1, 1994, limitation period. The matter is REMANDED to the Oakland Circuit Court for further proceedings. We do not retain jurisdiction.

MARKMAN, J., states as follows:
Although I do not necessarily disagree with the result that is reached by the peremptory order of reversal in this case, I would nevertheless grant leave to appeal because of the questions that will remain unaddressed or unanswered upon disposal of this case with only summary consideration. The following questions, among others, will not be resolved and may be *216 made further uncertain by the peremptory order:
1. This Court, not the Legislature, exercises the "judicial power" in interpreting the law. To what extent, if any, should the subsequent "interpretation" of the applicable statutory section by the Legislature control how the earlier version of the statute should be read by the judicial branch?
2. When the gas station property was transferred from Shell Oil to plaintiff's predecessor in interest, one of the terms of the transaction was that Shell replace the old gasoline storage tanks with new storage tanks surrounded by clean soil. Did this early remediation activity have any impact whatever on when the clock should start running on the statute of limitations?
3. The Court of Appeals found that this was a statute of repose rather than a statute of limitations. The prior version of M.C.L. § 324.20140; MSA 13A.20140 did not apparently differentiate between when claims for damages to natural resources and claims for damages from the incurrence of response activity costs. Assuming that there was pollution that plaintiff knew or should have known about, does a proper interpretation of the statutory language permit a plaintiff to determine, on his own, when a claim accrues by virtue of his own election of when to engage in response activity (e.g., this plaintiff waited until after the date that would have forced him to bring his claim before July 1, (1994)?
4. Here plaintiff merely entered into a consent judgment with his purchaser for $38,500, but did not incur actual response activity costs. Should there have to be actual response activity associated with the payment that occurred and was deemed necessary, consistent with the rules relating to the selection and implementation of response activity under the act, or is it the case that a polluter could be continually sued for an unending string of purchase price abatements that occur whenever polluted property is sold?
In my view, this case is a significant one and merits a grant so that we may more thoroughly and deliberately consider these unaddressed and unanswered questions.