*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MYRON FORTUNE and CARLA BUTTROM,

Plaintiffs-Appellants,

UNPUBLISHED
August 20, 2020

v

WILLIAM WALSWORTH and DESPINA
WALSWORTH,

Defendants-Appellees.

No. 347277
Oakland Circuit Court
LC No. 2018-167515-CK

Before: MARKEY, P.J., and K. F. KELLY and TUKEL, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court's order granting defendants' motion for summary disposition under MCR 2.116(C)(7). We affirm.

On March 12, 2016, the parties entered into an agreement for the purchase of defendants' home. The purchase agreement contained the following clause:

TIME FOR LEGAL ACTION: Buyer and Seller agree that any legal action against either party or against Broker(s) or their agents related to the condition of the Property or arising out of the provisions of this Agreement or any service rendered or not rendered must be brought within the shorter of (a) the time provided by law or (b) one (1) year after the Closing, or be forever barred.

Before closing, the property was appraised. The appraisal revealed multiple problems with the house, including water damage to the ceilings and a "failing" roof. Nevertheless, the parties closed on the sale of the property on June 21, 2016.

On August 2, 2018, plaintiffs filed a six-count complaint against defendants, alleging claims sounding in breach of contract, fraudulent misrepresentation, innocent misrepresentation, exemplary damages, unjust enrichment, and quantum meruit. Plaintiffs contended that defendants had breached the purchase agreement and fraudulently mispresented the condition of the property. Plaintiffs maintained that defendants made the following material misrepresentations in the sellers' disclosure statement: (1) that the roof was free of leaks and other defects; (2) that they were

-1-

unaware of structural modifications, alterations, or repairs made to the property by unlicensed contractors; (3) that they did not know whether required permits were issued by the city of Farmington Hills in compliance with building codes with respect to property renovations; and (4) that they were unaware of settling, flooding, drainage, structural, or grading problems in regard to the house. Defendants moved for summary disposition under MCR 2.116(C)(7), arguing that the contractual one-year period of limitations in the purchase agreement barred the lawsuit. The trial court agreed, granting defendants' motion for summary disposition. The trial court subsequently denied plaintiffs' motion for reconsideration. Plaintiffs now appeal.

We review de novo a trial court's decision on a motion for summary disposition. *Altobelli v Hartmann*, 499 Mich 284, 294-295; 884 NW2d 537 (2016). "Questions involving the proper interpretation of a contract or the legal effect of a contractual clause are also reviewed de novo." *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 197; 747 NW2d 811 (2008). We likewise review de novo issues of statutory construction. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). Under MCR 2.116(C)(7), summary disposition is appropriate when a claim is barred because of a "statute of limitations[.]" In *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008), this Court recited the principles governing a motion for summary disposition brought pursuant to MCR 2.116(C)(7):

> Under MCR 2.116(C)(7) . . ., this Court must consider not only the pleadings, but also any affidavits, depositions, admissions, or other documentary evidence filed or submitted by the parties. The contents of the complaint must be accepted as true unless contradicted by the documentary evidence. This Court must consider the documentary evidence in a light most favorable to the nonmoving party. If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. If a factual dispute exists, however, summary disposition is not appropriate. [Citations omitted.]

The primary goal in construing or interpreting a contract is to honor the intent of the contracting parties. *UAW-GM Resource Ctr v KSL Recreation Corp*, 228 Mich App 486, 491; 579 NW2d 411 (1998). The words of the instrument must be examined in order to discern the intent of the parties. *Id.* "This court does not have the right to make a different contract for the parties or to look to extrinsic testimony to determine their intent when the words used by them are clear and unambiguous and have a definite meaning." *Id.* (quotation marks and citations omitted). Contractual language is interpreted according to its plain and ordinary meaning, and we must avoid technical or constrained constructions. *Id.* at 491-492. A contract is ambiguous when the words can reasonably be understood in different ways. *Id.* at 491. "Courts are not to create ambiguity where none exists." *Id.* Our Supreme Court has held that "an unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy." *Rory v Continental Ins Co*, 473 Mich 457, 470; 703 NW2d 23 (2005). We note that plaintiffs make no claim that the purchase agreement provision precluding legal action after one year from the date of closing violates the law or public policy.

We initially conclude that the one-year period referenced in the purchase agreement is akin to a statute of repose and not a statute of limitations. "A statute of repose prevents a cause of action from ever accruing when the injury is sustained after the designated statutory period has

elapsed[,]" while "[a] statute of limitation . . . prescribes the time limits in which a party may bring an action that has already accrued." *Sills v Oakland Gen Hosp*, 220 Mich App 303, 308; 559 NW2d 348 (1996). A statute of limitations is a law that establishes a time limit for suing in a civil action based on the date when the alleged claim accrued. *Frank v Linkner*, 500 Mich 133, 142; 894 NW2d 574 (2017). A statute of repose bars a suit that is commenced after a specified time since the defendant acted. *Id.* "Language to the effect that a party may not file an action after a specific date or period . . . is often a tell-tale sign that the statute is one of repose, not of limitation." *Shields v Shell Oil Co*, 237 Mich App 682, 692; 604 NW2d 719 (1999), rev'd on other grounds by 463 Mich 940 (2000). Here, the purchase agreement effectively gave plaintiffs until one year after the closing on the real estate transaction to file suit, which was the last time that defendants acted in regard to the transaction, absent any consideration of the time of injury or damage or the time of accrual of an action. No action could accrue after the one-year period elapsed.

The period of repose[1] in the purchase agreement is plain and unambiguous. Again, the parties closed on the property on June 21, 2016; therefore, under the terms of the purchase agreement, plaintiffs were required to bring any suit by June 21, 2017. On appeal, plaintiffs first argue that they established fraudulent or intentional misrepresentation with respect to the home's roof, structural alterations to the house, flooding of the premises, and the retention of contractors who performed work without required licenses. This may very well be true, but the argument has no relevancy to or bearing on the trial court's ruling that the suit was filed beyond the one-year period of repose contained in the purchase agreement. Therefore, this argument does not warrant reversal.

Plaintiffs next contend that the statute of limitations is not a bar to their civil suit. Plaintiffs cite MCL 600.5813, which provides that "[a]ll other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes." Plaintiffs then cite MCL 600.5855, which provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

In cursory fashion, after quoting the statutory provisions above, plaintiffs argue that defendants concealed defects in the home's roof and beams, which were in disrepair, resulting in water intrusion into the house when it rained. Plaintiffs make no mention of the one-year period of repose in the purchase agreement nor present any legal reasoning, analysis, or argument as to how MCL 600.5813 and MCL 600.5855 allow them to avoid the application of the period of

---

[1] We see no reason why the principle espoused in *Rory* about the enforceability of contractually-shortened periods to file suit should not equally apply to statutes or periods of repose.

repose. In *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998), our Supreme Court observed:

> It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow. [Quotation marks and citation omitted.]

Furthermore, the Supreme Court has recognized that a statute of repose cannot be tolled pursuant to the fraudulent-concealment statute, MCL 600.5855. *Frank*, 500 Mich at 141. Additionally, plaintiffs did not plead in their complaint that under MCL 600.5855 plaintiffs fraudulently concealed the existence of a claim or the identity of a person who was liable. See *Sills*, 220 Mich App at 310 ("The plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment."). Also, the appraisal indicated that the home had water damage to the ceilings and a failing roof. And there was other evidence in the record showing that plaintiffs were fully aware, within one year of the closing, of structural problems and defects with the roof that caused it to leak, along with other defects that were ultimately alleged in their complaint.[2] There was an argument below that plaintiffs completed the sale of the property despite knowing that the roof leaked because there was a 10-year warranty issued by the roofing company that installed the home's roof in 2008 which could be invoked to repair the leaky roof. Plaintiffs claimed that, unbeknownst to them, the warranty had been voided for unauthorized alterations to the roof performed by defendants. The record, however, reveals that plaintiffs' attorney had sent a letter to defendants in January 2017, within the one-year period of repose, indicating that the warranty had been voided, yet no suit was timely filed.[3] Indeed, the letter identified numerous complaints about the home's condition and defendants' alleged deceptions and misrepresentations, with plaintiffs demanding $17,400 to cover repairs. In sum, we hold that the one-year period of repose barred the lawsuit.

Next, again in cursory fashion, plaintiffs argue that they established a claim of unjust enrichment. This argument completely ignores the basis of the trial court's ruling—plaintiffs

---

[2] A couple of months after the closing, in August 2016, plaintiffs hired Lopez Engineering, Inc., to inspect the home, and a variety of structural problems were identified.

[3] In the letter, plaintiffs' attorney stated:

> [Plaintiffs] found that you had made alterations to the roof that would not have been visible in any inspection. You had removed shingles and cut holes in the roof to install some electrical services. This was done without a permit and not to code. This would not have been found but for a leak when it rained. You had gotten a warranty on the roof in 2008 that, according to the roofing company, is now void because of your alterations.

failed to file a claim for unjust enrichment, or any claim, within the one-year period of repose. The trial court did not assess the merits of the unjust enrichment count. Thus, plaintiff's argument is entirely irrelevant. Moreover, "an unjust-enrichment claim is available only if there is no express contract covering the same subject matter." *Local Emergency Fin Assistance Loan Bd v Blackwell*, 299 Mich App 727, 734; 832 NW2d 401 (2013) (quotation marks and citation omitted). The purchase agreement constituted an express contract that covered the same subject matter as the claim for unjust enrichment.

Finally, plaintiffs argue that the trial court erred by denying their motion for reconsideration. "This Court reviews for an abuse of discretion a trial court's ruling on a motion for reconsideration." *Sanders v McLaren-Macomb*, 323 Mich App 254, 264; 916 NW2d 305 (2018). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id.*

In plaintiffs' motion for reconsideration, plaintiffs differentiated between the "front roof" and the "back roof" of the house for the first time. Plaintiffs asserted that only defects to the back roof were disclosed in the appraisal report and that the appraisal report was devoid of any indication of defects regarding the front roof. Accordingly, plaintiffs claimed that they were not aware of latent defects relative to the front roof until after closing when they discovered water leaking into their home. Thus, in their motion for reconsideration, plaintiffs advanced a new theory as to how defendants failed to disclose defects to the property. In their brief on appeal, plaintiffs argue that given the circumstances regarding the front roof, the two-year statute of limitations applied, apparently referencing MCL 600.5855.

Assuming for the sake of argument that there is actually a distinction between different areas of the roof with respect to leaks and that the appraisal, engineering report, and the January 2017 letter from plaintiffs' counsel did not encompass "front roof" leaks, which we highly question, we conclude the trial court did not abuse its discretion by denying the motion for reconsideration. We first note that while plaintiffs argue that they did not learn about defects in the front roof until after the closing, they do not claim in their appellate brief that they first learned of these particular defects *after* the one-year period of repose had expired. Additionally, the trial court had the discretion on the motion for reconsideration to decline consideration of plaintiffs' new legal theory and evidence, which could have been presented when the motion for summary disposition was initially decided. See *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012). Furthermore, plaintiffs again fail to present any argument or analysis that explains why the one-year period of repose is inapplicable. And as discussed above, a statute or period of repose cannot be tolled pursuant to MCL 600.5855. In sum, we conclude that the trial court did not abuse its discretion in rejecting the motion for reconsideration.

We affirm. Having fully prevailed on appeal, defendants may tax costs under MCR 7.219.

/s/ Jane E. Markey
/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel